PEOPLE ex rel. BEAUDOIN v. BEAUDOIN et al.

(Supreme Court, Appellate Division, Third Department. May 6, 1908.)

1. PARENT AND CHILD—CUSTODY OF CHILD.
    Under the Domestic Relations Law, Laws 1896, p. 223, c. 272, § 51, providing that a married woman is a joint guardian of her children with her husband, with equal powers, rights, and duties in regard to them, the father cannot, without the consent of the mother, give the custody of their child to others.

2. SAME—JURISDICTION OF COURTS.
    The Supreme Court under its equity powers may in a proper case, having regard for the welfare of an infant, take its custody from the one legally entitled thereto and give it to another.

3. SAME.
    Where a mother is able to properly provide for and educate her child, the fact that its grandparents are better able financially to do so is not ground for depriving her of its custody.

Appeal from Special Term, Warren County.

Habeas corpus proceedings by the people of the state of New York, on the relation of Isabel Beaudoin, against Alexandrine Beaudoin and others. From an order dismissing the writ, relator appeals. Reversed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

J. Edward Singleton, for appellant.
J. A. Kellogg, for respondents.

CHESTER, J. The relator seeks by this proceeding to have the custody of her son Robert, an infant now nearly eight years of age, awarded to her. He is now living with his grandmother, the mother of the relator's deceased husband and her two daughters, who are adult sisters of such husband. The child was born on July 19, 1900, and lived with his parents until a short time before his father's death in November, 1904, since which time he has lived with his grandmother and her daughters, the respondents herein. They have refused to give up his custody to the relator notwithstanding repeated requests so to do, beginning in the summer of 1905, and this proceeding ensued. The court at Special Term dismissed the writ, and directed that the infant be allowed to remain in the care and custody of the respondents, and from that order this appeal is taken.

Section 51 of the domestic relations law (Laws 1896, p. 223, c. 272) provides that a married woman is a joint guardian of her children with her husband, with equal powers, rights, and duties in regard to them, and that, upon the death of either father or mother, the surviving parent may dispose of the custody of an unmarried infant child during

its minority or for any less time. It has been held under a like statute (Laws 1893, p. 303, c. 175) that the right of a surviving parent to the custody of his child is absolute provided such parent be a fit person. People ex rel. Byrne v. Brugman, 3 App. Div. 155, 38 N. Y. Supp. 193. In the face of the statute alluded to there is no force in the contention of the respondents that, before his death, the father of Robert gave him to them, for this could not lawfully be done without the consent of his mother. She not only denies ever giving such consent, but also denies that her husband gave the child to them. According to her claim, she consented that he should remain with them only until the spring of 1905. There is no claim of any legal adoption, so the matter must be considered without regard to the question how the respondents first obtained possession of the child.

There is no doubt that the Supreme Court under its equity powers may in a proper case, having regard for the welfare of an infant, take its custody from the one legally entitled thereto and give it to another; but we are of the opinion that this is not such a case, and that the learned court at Special Term was in error in not awarding the child to its mother. Nothing is alleged against her character, nor against that of her father and brothers, with whom she lives. It appears, too, that they are people in fairly good circumstances, and are willing to aid her in maintaining and educating her children. She is possessed of some property in her own right, and is self-supporting, being in receipt of $15 per week as housekeeper for her father and brothers. She has four other living children, three boys and one girl, living with her, the oldest of whom is now 17 and the youngest 3, who are the brothers and sister of Robert. Nothing appears against her fitness to have the care and custody of all her children, and it affirmatively appears that she is a woman of good character and reputation and a good mother. She has cared for her other children during the period in their lives when a mother's care is the most essential, and she shows her willingness and ability with the aid of her father and brothers to properly provide for and educate Robert also. It is claimed that he is a nervous and delicate child; and this fact seems to have had some influence in the mind of the court at Special Term in awarding his custody to his grandmother. But the other children appear to have been well cared for in the custody of their mother, and no reason is apparent why Robert would not have just as affectionate and tender care with her as where he is at present. The care which the respondents have given to him during the time he has lived with them and their affectionate regard for him are commendable, but the fact that they are somewhat more well to do from a financial point of view than the mother is not alone a sufficient reason to sever the sacred bonds of kinship and maternity which naturally bind this mother to her child, nor to deprive him of the nurture and care of a mother and the society of his brothers and sister. The court should not compel this child to be brought up a comparative stranger to his nearest kin, except for adequate reasons looking to his welfare, and we think no such reasons have here been shown.

The order should be reversed, with costs and disbursements, and the custody of the child awarded to the relator, without costs. All concur.