Ex parte SARCONA.

(Supreme Court, Special Term, Kings County.  March 18, 1912.)

HABEAS CORPUS (§ 99*)—CUSTODY OF CHILD—RIGHT OF FATHER.

A father, who, on the death of his wife, left his infant daughter a public charge, is not, on his remarriage, entitled to the custody of the child as against a woman giving the daughter a good home, with educational advantages; the father having by his second marriage two infant children, and the child being unacquainted with her stepmother.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 84; Dec. Dig. § 99.*]

Habeas corpus by Joseph Sarcona for the custody of his infant daughter, Gioconde Sarcona, in the custody of Lina Berado.  Dismissed.

W. Martin, for relator.
Eugene L. Parodi, for respondent.

CRANE, J.  This writ of habeas corpus has been obtained to determine the custody of a little girl 11 years old, the daughter of the relator, Joseph Sarcona, who is at present living with the defendant, Lina Berado.  The defendant makes return to the writ that the child should remain with her for the following reasons:  First, that the relator relinquished the care and custody of his daughter, and abandoned her; second, that the girl is not restrained of her liberty, but desires and wishes to remain with the defendant; third, that it is for the welfare of the child that she stay where she is.

When the little girl, Gioconde Sarcona, was about 3½ years of age, she was given over to the department of public charities of the city of New York by the father, the relator herein, on the ground that the mother of the child had died and that he was unable to keep or take care of her.  The child was admitted upon the father's application as a public charge in December of 1905, and thereafter, on the 8th day of January, 1906, was committed to St. Malachi's Home (St. Joseph's Convent, Long Island), where she remained until September 29, 1909.  On the latter day Gioconde was given into the care, custody, and control of the defendant, Lina Berado, in order that she might be provided with a good home, after the said Lina Berado and her circumstances and conditions in life were fully investigated by the Catholic Home Bureau for Dependent Children.  Since the 29th day of December, 1909, this little girl has remained with the defendant, well nurtured and cared for, and in every way has had a delightful home.

The disposition of this infant by the charities department and the finding of a home for her with people of like religious faith was in accordance with the provisions of sections 663 and 664 of the Greater New York charter (Laws 1901, c. 466), which say that an institution to which a child has been committed shall have authority to place such child in a family or consent to his adoption.  After the girl was placed with the charities department by the relator, he left for the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

state of Pennsylvania, where he obtained work, remarried, and became the father of two children. He has now returned to this state with his wife and two children, and seeks to obtain the custody of this child by his first wife.

The father has no such absolute right as was claimed by the relator's counsel on this proceeding, and the Beaudoin Case, 126 App. Div. 505, 110 N. Y. Supp. 592, does not so state. There was in that case no abandonment or relinquishment of the custody by the mother. This relator has for six years left his infant child as a public charge, during the latter portion of which time she has been with the defendant, who has proved a mother to her. The affections of young children are very deep and tender, and it was apparent upon the hearing before me that the child was greatly attached to Mrs. Berado and in mortal fear lest she should be taken from her. She clung to her skirts and her hand at all times. Mrs. Berado is a married lady whose husband earns good wages, and Gioconde has been provided with fine clothes, good food and lodging, and is being educated. There are no other children in Mrs. Berado's family. Gioconde does not know her stepmother and never saw her. This lady has two infant children of her own to look after, as well as provide for. On a proceeding of this kind, while the rights of a father will not be hastily put aside, yet the first consideration is the welfare of the infant. People ex rel. Wehle v. Weissenbach, 60 N. Y. 386; People ex rel. Pruyne v. Walts, 122 N. Y. 238–241, 25 N. E. 266; People ex rel. Oprandy v. Ciarcia, 49 App. Div. 90–93, 63 N. Y. Supp. 497; Matter of Knowack, 158 N. Y. 482–491, 53 N. E. 676, 44 L. R. A. 699.

Upon the evidence as above detailed, I find that the relator has relinquished the custody of his child, that she wishes to remain with Mrs. Berado, and that it is for her welfare that she do so.

Writ dismissed.