Scileppi, J.
The Family Court of Onondaga County has adjudicated Darlene T. “ a neglected child ” pursuant to former article 3 of the Family Court Act. Among the findings supportive of that adjudication the court determined that the mother had left her daughter ‘ ‘ unattended under circumstances dangerous to her welfare”; that the mother “ did entertain men in her apartment in the presence of Darlene ’ ’, and that the mother “ did allow men to visit her and remain in her apartment during the night, and on occasions allowed male *394 companions to remain overnight. ’ ’ Following a dispositional hearing, the court remanded the child to the custody of her mother, ‘ ‘ but * * * under the supervision of the Onondaga County Department of Social Services,” and subject to various conditions, including, no entertainment of male companions in her home — day or night, and insuring the child’s attendance at school and church. Curiously, the order noted, in a separate decretal paragraph: “ [the mother] needs an identity, having lived in the past as a lonely person, as she is confused at the present time and needs Darlene to be with her for rehabilitation.” No additional findings were made regarding either the fitness of the natural mother or the best interests of the child.
In this court, petitioner argues that the Family Court erred, as a matter of law, by permitting the child to remain with her mother in the absence of an express finding as to the former’s best interests.
The ultimate issue presented for our review is the limited question of whether the Family Court, as a matter of law, abused its discretion in awarding custody to the natural mother, despite the finding of neglect. In determining that question, of course, we must be mindful, not only of the specific statutory mandate that the welfare of the child be considered, but also of the substantial corpus of decisional law which holds that in a contest between parents and nonparents, the parent has a superior right to the custody of the child absent a showing of unfitness or abandonment (People ex rel. Kropp v. Shepsky, 305 N. Y. 465), the burden of which is upon the party seeking to divest the natural parent of custody.
Former section 311 of the Family Court Act provides for the regulation of a neglected child’s home, or if necessary, the removal of a neglected child from his home so that his needs are properly cared for. No express standards relating to removal are set forth. Considering the best interests of the child, however, it has repeatedly been held that “ [t]he mother or father has a right to the care and custody of a child, superior to that of all others, unless he or she has abandoned that right or is proved unfit to assume the duties and privileges of parenthood ” (People ex rel. Kropp v. Shepsky, 305 N. Y. 465, 468, supra; People ex rel. Scarpetta v. Spence-Chapin Adoption Serv., 28 N Y 2d 185; People ex rel. Anonymous v. Anonymous, 10 N Y 2d 332, 335; People ex rel. Portnoy v. Strasser, *395 303 N. Y. 539, 542; People ex rel. Beaudoin v. Beaudoin, 193 N. Y. 611, affg. 126 App. Div. 505).
The question of custody of children, this court has said, is ordinarily a matter of discretion for the trial court (Bunim v. Bunim, 298 N. Y. 391, 393) and only rarely can be upset by this court on review. That discretion, however, is not absolute and may be set aside where it lacks “ sound and substantial basis in the testimony ” or is “ opposed to everything presented to the court ” (Bunim v. Bunim, 298 N. Y. 391, 393, supra). Here, appellant sought to establish that the mother was unfit and produced evidence supportive of that contention at the dispositional hearing, including that of the psychiatrist, as well as the child’s law guardian, and the two assigned case workers.
Nevertheless, the recital in the order relating to the mother’s welfare, without reference to the mother’s fitness, precludes our consideration of the question presented. Although one could argue that a finding of fitness is implicit in any order awarding custody to the natural parent, the order below on its face, and at best, is equivocal and uncertain. Indeed, even were we to conclude that the mother’s health was a relevant consideration, it could never be the sole basis upon which the issue of custody could turn, and before we would venture to pass on the question posed, it would be well that there be additional findings as to the child’s best interests.
Finally, the court erred in excluding additional testimony at the dispositional hearing. From the offer of proof, it can be gleaned that the excluded testimony bore directly upon the continuing immorality of the child’s mother — that is, to her conduct after the filing of the petition that commenced this neglect proceeding. The court excluded that testimony on the ground that it related only to the adjudicatory proceeding, not to the dis-positional proceeding. The stated ground for exclusion, however, ignores the fact that the testimony was offered to prove respondent’s immorality, purportedly in the presence of the child, and at a time more closely related to the date of the dis-positional hearing. Former section 346 of the Family Court Act provides that material and relevant evidence may be admitted in a dispositional hearing. ’ ’ Manifestly, evidence that the mother had continued her sexual activities after commencement of the neglect proceedings is of probative value since it *396 demonstrates that the mother was not repentant and had no intention to change her ways, thus bearing upon her fitness to continue to care for the child.
Accordingly, the order should be reversed and the matter remitted for a hearing at which time evidence bearing upon the mother’s conduct after commencement of the neglect proceedings may be taken, and for additional findings as to the child’s best interests.
Judges Bergan, Breitel, Jasen and Gibson concur with Judge Scileppi ; Chief Judge Fuld and Judge Burke dissent and vote to affirm.
Order reversed, without costs, and matter remitted to the Family Court for further proceedings in accordance with the opinion herein.