■ In the Matter of FRANK "F"*, Respondent, v GERALDINE "F"*, Appellant.—Appeal from an order of the Family Court of Cortland County, entered November 14, 1975, which awarded custody of the infant daughter to petitioner. The petitioner instituted this proceeding to determine custody of the infant child born in 1972 of the marriage between himself and the appellant. The marriage has been continually marred by discord and physical separations. Throughout all the separations the infant has been in the custody of appellant. The record shows that appellant is in the constant company of another man, but both appellant and this man deny that their relationship is sexual, and there is absolutely no evidence in the record to the contrary. We are, therefore, compelled to reverse the finding of the Family Court, based as it was upon his labeling the relationship between appellant and her male companion as nothing "less than meretricious". Furthermore, on this record, we do not agree with the court's characterization of appellant's life-style as a "problem of chronic promiscuity". In custody disputes the court's primary concern is for the best interests of the child *(Matter of Lincoln v Lincoln,* 24 NY2d 270) and there is no prima facie right to custody in either parent (Domestic Relations Law, §§ 70, 240). The question of custody is ordinarily a matter of discretion for the trial court, but there must be a sound and substantial basis for the determination *(Matter of Darlene T.,* 28 NY2d 391, 395). Furthermore, there is a policy against changing custody back and forth *(People ex rel. William "BBB" v Kathryn "CCC",* 44 AD2d 617). Thus, it is clear that the criterion to be applied is not whether the court condones appellant's mode of living or whether it considers it to be contrary to good morals, but how the child's interests are best served *(Matter of Feldman v Feldman,* 45 AD2d 320). Here, there was no evidence that appellant's conduct was actually affecting the infant, nor was there any evidence as to the needs of the child and very little in the record concerning the fitness of the father and how he would care for and supervise the child *(Rowe v Rowe,* 42 AD2d 830). A new trial is,

* Fictitious names.

therefore, required. We have examined the remainder of appellant's contentions and find them to be without merit. Judgment and order reversed, on the law and the facts, and matter remitted to the Family Court of Cortland County for further proceedings not inconsistent herewith, including a determination of an appropriate award for counsel fees of appellant's counsel. Greenblott, J. P., Sweeney, Main, Larkin and Reynolds, JJ., concur.