■ In the Matter of MIGUEL GARCIA, Respondent, v FILAMENA ESCALANTE, Appellant, and JOSE OTERO, Respondent. — In a custody proceeding pursuant to article 6 of the Family Court Act, the maternal grandmother, Filamena Escalante, appeals from an order of the Family Court, Queens County (Corrado, J.), dated May 25, 1982, which, after a hearing, awarded custody of the children to the petitioner Miguel Garcia, their natural father. Order affirmed, without costs or disbursements. The Family Court Judge, who saw and heard the parties, was in the best position to determine the credibility of their testimony as to the disputed issues of fact in this case (cf. *Barnet v Cannizzaro,* 3 AD2d 745, 747). Her determination is supported by the evidence and, accordingly, is affirmed. Mollen, P. J., Bracken and Rubin, JJ., concur.

Weinstein, J., dissents and votes to reverse the order appealed from and to direct a new hearing, with the following memorandum. Petitioner is the natural father of twins, Erica and Jessica Garcia, born on August 6, 1973. Due to intermittent separations between their parents, the children were sent to Puerto Rico when they were between seven and nine months old to reside with appellant, their maternal grandmother. Appellant testified that she had maintained custody for more than a year, until her daughter sent for the children. After bringing them back from Puerto Rico, appellant continued to take care of the children for a period of some seven years while their mother was at work. In 1979, some four or five months prior to their separation, petitioner and his wife purchased a home as tenants by the entirety. They resided there with the children until their separation. Petitioner claims to have made court-ordered child support payments after the separation, and to have visited his children periodically. The children continued to reside at the marital home with their mother until her death in January, 1982. At that time, petitioner moved back into the residence with his children, his girlfriend, whom he intends to marry, and a babysitter and her husband. During a visit with the children in March, 1982, appellant, along with a maternal uncle and aunt, obtained control over them and refused to return them to their father. The instant custody proceeding was thereupon commenced. In view of the extreme brevity of the hearing (resulting in a transcript of only 14 pages), the failure of the court to make an effort to ascertain the substance of the testimony of appellant's proposed witnesses, who were not present in court, and the fact that appellant was severely hampered in that she was not represented by an attorney, I am of the opinion that a new hearing is warranted so that an informed judgment can be made regarding the best interests of the children. The protracted separation of petitioner from his children over the years, combined with his currently unwed state, constitute extraordinary circumstances sufficient to trigger "the best interest of the child" test (see *Matter of Bennett v Jeffreys,* 40 NY2d 543; *Matter of Dickson v Lascaris,* 53 NY2d 204; *Friederwitzer v Friederwitzer,* 55 NY2d 89). Upon a remand, the court would be able to consider the fitness, qualifications, background and living conditions of each party (*Matter of Bannister v Bannister,* 81 AD2d 913) and the parties would have the opportunity to obtain counsel to represent them. Notwithstanding the policy favoring a prompt and final resolution of custody disputes, it is entirely unwarranted, under the circum-

stances of this case, to "exalt the desirability of a solution qua solution at the cost of the best interests and welfare of the [children]" (*Matter of Gloria S. v Richard B., 80 AD2d 72, 78*).