■ In the Matter of KATHERINE D., Appellant, v CHRISTINE D. et al., Respondents.—In a child custody proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Kings County (Demarest, J.), entered August 28, 1990, which, after a hearing, dismissed the petition.

Ordered that the order is affirmed, without costs or disbursements.

This appeal involves a custody dispute between the petitioner maternal grandmother, and the natural parents of two children. On appeal, the petitioner argues, *inter alia,* that the Family Court improperly awarded permanent custody of the children to the parents. We disagree.

It is well established that a natural parent has a claim of custody of his or her child, superior to that of all others, unless the parent has abandoned that right or is proved unfit to assume the duties and privileges of parenthood *(see, People*

*ex rel. Kropp v Shepsky,* 305 NY 465, 468; *Matter of Male Infant L.,* 61 NY2d 420, 426; *Matter of Archer W. v Commissioner of Social Servs.,* 173 AD2d 543, 544; *Matter of Alfredo S. v Nassau County Dept. of Social Servs.,* 172 AD2d 528, 529; *see generally, Matter of Michael B.,* 80 NY2d 299). In the absence of "surrender, abandonment, persistent neglect, unfitness or other like extraordinary circumstances" *(Matter of Bennett v Jeffreys,* 40 NY2d 543, 544), a parent may not be denied custody. The burden of establishing the existence of such "extraordinary circumstances" is upon the party seeking to deprive the natural parent of custody *(see, Matter of Darlene T.,* 28 NY2d 391, 394; *Matter of Nadia Kay R.,* 125 AD2d 674, 676). Further, until the threshold of "extraordinary circumstances" has been satisfied, the question of the children's best interests is not reached *(see, Matter of Male Infant L., supra; Matter of Archer W. v Commissioner of Social Servs., supra; Matter of Alfredo S. v Nassau County Dept. of Social Servs., supra).*

The Family Court properly determined that the petitioner failed to establish the existence of extraordinary circumstances *(cf., Matter of Nellie R. v Betty S.,* 187 AD2d 597 [decided herewith]). Although there was a factual dispute as to whether or not the mother surrendered, abandoned, or neglected her children, the Family Court's resolution of the questions of credibility was supported by the record. Further, the Family Court Judge, who saw and heard the parties, was in the best position to determine the credibility of their testimony as to the disputed issues of fact in this case *(see, Matter of Irene O.,* 38 NY2d 776; *Matter of Garcia v Escalante,* 92 AD2d 547). The findings of the Family Court must be accorded great respect on appeal *(see, Matter of Irene O., supra).* Therefore, since the petitioner failed to make a threshold showing that extraordinary circumstances existed, the Family Court properly denied the petition and awarded permanent custody to the respondents.

We have examined the petitioner's remaining contentions, including those raised in her supplemental *pro se* brief, and find that they are without merit. Thompson, J. P., Eiber, Copertino and Pizzuto, JJ., concur.