■ In the Matter of CHERYL KREGER, on Behalf of BEVERLY BAKER, Respondent, v BARBARA NEWELL, Respondent. RUSSELL I. MARNELL, as Law Guardian for the Child, Appellant. [634 NYS2d 174] —In consolidated proceedings pursuant to Family Court Act § 651, (1) to determine the custody of a child, and (2) for a writ of habeas corpus, the Law Guardian appeals from an order and judgment (one paper) of the Family Court, Nassau County (Feiden, J.), entered December 6, 1993, which (1) sustained the respondent natural mother's writ of habeas corpus, (2) vacated the court's prior order of custody, (3) directed the immediate transfer of the child to the respondent, and (4) denied the appellant's application for a stay of the transfer of custody pending appeal.

Ordered that the order and judgment is affirmed, without costs or disbursements.

This appeal involves a custody dispute between Barbara Newell and the respondent natural mother of the infant child. Newell argues, *inter alia,* that the Family Court improperly awarded permanent custody of the child to the respondent. We disagree.

It is well established that a natural parent has a claim of custody of his or her child, superior to that of all others, unless the parent has abandoned that right or is proved unfit to assume the duties and privileges of parenthood *(see, People ex rel. Kropp v Shepsky,* 305 NY 465, 468; *Matter of Male Infant L.,* 61 NY2d 420, 426; *Matter of Commissioner of Social Servs. of City of N. Y. [Tyrique P.],* 216 AD2d 386; *Matter of Stark v Kinnaw,* 212 AD2d 943; *Mazur v Mazur,* 207 AD2d 61, 65; *Matter of Archer W. v Commissioner of Social Servs.,* 173 AD2d 543, 544; *Matter of Alfredo S. v Nassau County Dept. of Social Servs.,*

172 AD2d 528, 529; *see generally, Matter of Michael B.,* 80 NY2d 299). In the absence of "surrender, abandonment, persistent neglect, unfitness or other like extraordinary circumstances" *(Matter of Bennett v Jeffreys,* 40 NY2d 543, 544), a parent may not be denied custody. The burden of establishing the existence of such "extraordinary circumstances" is upon the party seeking to deprive the natural parent of custody *(see, Matter of Darlene T.,* 28 NY2d 391, 394; *Matter of Nadia Kay R.,* 125 AD2d 674, 676). Further, until the threshold of "extraordinary circumstances" has been satisfied, the question of the children's best interests is not reached *(see, Matter of Male Infant L., supra; Matter of Commissioner of Social Servs. of City of N. Y. [Tyrique P.], supra; Matter of Stark v Kinnaw, supra,* at 944; *Matter of Archer W. v Commissioner of Social Servs., supra; Matter of Alfredo S. v Nassau County Dept. of Social Servs., supra).*

The Family Court properly determined that Newell failed to establish the existence of extraordinary circumstances *(see, Matter of Katherine D. v Christine D.,* 187 AD2d 587, 588; *cf., Matter of Nellie R. v Betty S.,* 187 AD2d 597). Although there was a factual dispute as to whether the respondent surrendered, abandoned, or neglected her children, the Family Court's resolution of the questions of credibility was supported by the record. Further, the analysis of the various factors to be taken into account in deciding a custody question is best made by the hearing court, because that court is in the most advantageous position to evaluate the testimony, character, and sincerity of the parties *(see, Eschbach v Eschbach,* 56 NY2d 167; *Matter of Lake v Van Wormer,* 216 AD2d 735; *Matter of Antionette M. v Paul Seth G.,* 202 AD2d 429; *Matter of Katherine D. v Christine D., supra; Klat v Klat,* 176 AD2d 922). Therefore, since Newell failed to make a threshold showing that extraordinary circumstances existed, the Family Court properly awarded permanent custody to the respondent.

We have examined the parties' remaining contentions and find them to be without merit. Thompson, J. P., Altman, Krausman and Goldstein, JJ., concur.