■ In the Matter of LAWRENCE MAGGIO et al., Appellants, v BARBARA FURIA et al., Respondents. [722 NYS2d 72] —In a child custody proceeding pursuant to the Family Court Act article 6, the petitioners appeal from an order of the Family Court, Westchester County (Spitz, J.), dated April 4, 2000, which, after a hearing, denied their petition to modify a prior order of the same court (Cooney, J.), dated May 13, 1997, awarding custody of the petitioners' daughter to the respondents.

Ordered that the order is affirmed, without costs or disbursements.

The petitioners commenced this proceeding seeking to regain custody of their infant daughter. By prior order of the Family Court, Westchester County, dated May 13, 1997, custody had been awarded to the respondents, the infant's paternal aunt and uncle. In the order appealed from, the Family Court, after a plenary hearing, determined that custody should remain with the respondents and that the petitioners were entitled to supervised visitation. We affirm.

In the absence of extraordinary circumstances, a biological parent may not be deprived of custody of his or her child, and an inquiry into the best interests of the child is not reached (*see, Matter of Bennett v Jeffreys,* 40 NY2d 543; *Matter of Kreger v Newell,* 221 AD2d 630; *Matter of Williams v Dunston,* 202 AD2d 681). Here, contrary to the petitioners' contention, the Family Court properly relied on the prior order of the Family Court establishing that extraordinary circumstances existed (*see, Matter of Michael G. B. v Angela L. B.,* 219 AD2d 289, 292). The petitioners are barred from raising any issues regarding the propriety of the prior order on this appeal, since, by decision and order on motion dated June 10, 1998, their appeal from that order was dismissed for lack of prosecution (*see, Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750, 757; *Bray v Cox,* 38 NY2d 350, 353). In any event, the record on appeal supports a finding that extraordinary circumstances exist.

The record also supports the Family Court's determination that the best interests of the infant are served by continuing her custody with the respondents (*see, Matter of Bennett v Jeffreys, supra; Matter of Kreger v Newell, supra; Matter of Williams v Dunston, supra; Matter of Katherine D. v Christine D.,* 187 AD2d 587) and that supervised visitation with the petitioners is appropriate (*see, Matter of James P. W. v Eileen M. W.,*

136 AD2d 549). Therefore, the order is affirmed. O'Brien, J. P., Ritter, Krausman and Goldstein, JJ., concur.