■ In the Matter of MURIEL WILSON et al., Respondents, v ELIZABETH SMITH, Appellant, et al., Respondent. [808 NYS2d 263]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Rood, R.), dated July 13, 2004, which awarded custody of the child to her de facto guardians.

Ordered that the order is affirmed, without costs or disbursements.

As between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other like extraordinary circumstances (*see Matter of Bennett v Jeffreys*, 40 NY2d 543, 548 [1976]; *Matter of Dungee v Simmons*, 307 AD2d 312, 312-313 [2003]). The burden of proof is on the nonparent to prove such extraordinary circumstances (*see Matter of Darlene T.*, 28 NY2d 391, 394 [1971]). Without a finding of extraordinary circumstances, a determination of what is in the best interests of the child is not triggered (*see Matter of Nadia Kay R.*, 125 AD2d 674, 678 [1986]).

The mother challenges the Family Court's award of custody of her now-nine-year-old daughter to the child's de facto guardians, who have cared for the child since she was approximately three months old. In light of the fact that the mother voluntarily surrendered the child, had only sporadic contact with the child before the commencement of this proceeding, and gave no financial or other support to the child's caretakers, we reject the mother's contention that the award was not supported by a showing of "extraordinary circumstances" (*Matter of Bennett v Jeffreys, supra* at 548; *see Matter of Pauline G. v Carolyn F.*, 187 AD2d 589 [1992]). Furthermore, the record shows that the child's caretakers have provided her with a consistently stable, nurturing, and supportive home environment, and the child has thrived in their care. Thus, the Family Court correctly determined that it was in the best interests of the child to award custody to her caretakers, with whom the child had lived almost since birth and with whom according to the Family Court she has "bonded psychologically" (*Matter of Dobbins v Vartabedian*, 304 AD2d 665 [2003]; *see Matter of Sienkwicz v Sienkwicz*, 298 AD2d 396 [2002]; *Matter of J.N.*, 158 Misc 2d 97 [1993]). Florio, J.P., Goldstein, Fisher and Covello, JJ., concur.