Matter of L.P. v D.S. (2006 NY Slip Op 50366(U))

[*1]

Matter of L.P. v D.S.

2006 NY Slip Op 50366(U) [11 Misc 3d 1062(A)]

Decided on March 3, 2006

Family Court, Rockland County

Berliner, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 3, 2006

Family Court, Rockland County
In the Matter of L.P. and J.P., Petitioners,
against
D.S., Respondent.
XXXXX

Robert M. Berliner, J.
This is a proceeding and cross-proceeding for custody of the child, J.P., born in September, 2003. Petitioners are the aunt and uncle of the child and cross-petitioners are the mother and her husband. Petitioners filed their petition on August 1, 2005. Cross-petitioner-mother previously filed a petition for custody in the Superior Court of DeKalb County, Georgia against one of the petitioners on June 14, 2005. Cross-petitioner-mother moved to dismiss the Georgia petition which was denied by the Hon. William Warren pursuant to an order dated December 8, 2005.
This court granted leave to the cross-petitioners to file a cross-petition for custody which was filed on February 14, 2006. A law guardian was appointed to represent the child. A hearing was held on the petition and cross-petition which concluded on February 27, 2006.
The cross-petitioner-mother conceived the child in the latter part of December, 2002 as a result of a rape. At the time she was a college student at Pace University in New York City. She [*2]married her husband in a civil ceremony in January, 2003 and he continued to reside in Haiti due to an employment commitment. The cross-petitioner-mother continued to reside in a condominium apartment located in Queens, New York that was owned by her parents who resided in Haiti. In May, 2003, the respondent-mother vacated this apartment at the insistence of her father and accepted petitioners' offer to reside with them in Georgia.
The respondent-mother gave birth to the child at a hospital located in Decatur, Georgia in September, 2003. Petitioners again offered to assist her with the baby and invited her and her baby to reside with them. The cross-petitioner-mother stayed with petitioners for three (3) days after being discharged from the hospital. At this time, she went to Miami, Florida with her mother to recuperate and left the baby with petitioners. The cross-petitioner-mother, overwhelmed by her circumstances, felt that she had to complete her education and obtain suitable employment before being reunited with her baby. Her understanding of this arrangement with petitioners was that she could get her baby back when she was ready to do so. She stayed in contact with petitioners until January, 2004, when petitioners and the baby moved to Chestnut Ridge, New York and stayed with relatives without advising the cross-petitioner-mother. In July, 2004, petitioners and the child moved to their current residence in Spring Valley, New York. Cross-petitioner-mother married her husband in a religious ceremony in Miami, Florida on December 27, 2003 and returned to Pace University to complete her education. Her husband continued to reside in Haiti. She graduated from Pace University in May, 2004 and relocated to Georgia and resided with her brother. In October, 2004, her husband left Haiti and began residing with her in Georgia.
Cross-petitioner-mother made attempts to get in touch with petitioners after January, 2004, but these attempts were thwarted by petitioners and the mother's aunts. She did see petitioners and her child in July, 2004, at some location in New York City and gave petitioners notarized statements allowing them to adopt her child and authorizing the child's baptism. However, these statements were given at the request of petitioners who needed authorization to obtain medical treatment for the child. In May, 2005, cross-petitioners arrived in New York to try to find the child and obtain custody but were unsuccessful.
Cross-petitioners are employed, reside in their own residence in Atlanta, Georgia and are expecting a baby that is due in May, 2006. They are very desirous of having the child reside with them and her future sibling. Petitioners are both employed and continue to reside with the child in Spring Valley, New York. The child, who is two and one-half years old, is doing well. Petitioners love the child and she is receiving very good care.
As between a parent and a non-parent, the parent has the superior right to custody that cannot be denied unless the non-parent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other like extraordinary circumstances. Bennett v Jeffreys, 40 NY2d 543 (1976) and Wilson v Smith, 24 AD3d 562 (2nd Dept., 2005). The burden of proof is on the non-parent to prove such extraordinary circumstances. Matter of Darlene T., 28 NY2d 391 (1971). Without a finding of extraordinary circumstances, a determination of what is in the best interests of the child is not triggered. Matter of Nadia Kay R., 125 AD2d 674 [*3](2nd Dept., 1986).
Under the circumstances in this matter, the court finds that petitioners have failed to demonstrate any extraordinary circumstances to warrant a determination of custody based upon the best interests of the child. The court is unpersuaded that there has been an extended disruption of custody to constitute an extraordinary circumstance in this matter. Furthermore, little consideration should be given to any period of time during which the biological parent was seeking custody. Matter of Male Infant L., 61 NY2d 420 (1984).
The court also finds that even if the period of time the child has resided with petitioners constitutes an extraordinary circumstance, the best interests of the child would be served by granting custody to cross-petitioners. Cross-petitioners, as mother and step-father, are desirous of providing a loving, stable and nurturing environment for the child along with the child's sibling to be born in two (2) months. Furthermore, the minimal trauma to this two and one-half year-old child in transferring custody to cross-petitioners would not compare to the major trauma to the child of living with non-parents knowing that her biological mother always wanted custody of her.
Accordingly, the court grants the cross-petition and awards custody of the child to cross-petitioners. The petitioners' application for custody is denied. The law guardian is directed to attempt to reach a stipulation with the parties concerning a reasonable visitation schedule to be approved by the court. If such a stipulation cannot be agreed to by the parties, the law guardian shall make a recommendation to the court for reasonable visitation by petitioners with the child.
This decision constitutes the order of the court.
E N T E R
Dated: New City, New York_________________
 March 3, 2006 A. J. F. C.