■ In the Matter of CHRISTIAN BERMEO, Appellant, v YVETTE RIOS et al., Respondents. [821 NYS2d 469]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (DePhillips, J.), dated September 20, 2005, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, the facts, and as an exercise of discretion, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for an evidentiary hearing in accordance herewith; and it is further,

Ordered that pending the outcome of the hearing, the subject child shall continue to reside with the maternal grandmother, and the present visitation rights of the father shall remain in effect.

The child who is the subject of the instant proceeding was born in April 1995. On August 1, 2001 the Family Court issued an order awarding custody of the child to the maternal grandmother, upon the consent of the parents, and awarding the father visitation with the child at specified times.

In December 2004 the father sought custody of the child. The Family Court denied the petition and dismissed the proceeding, finding that the petition failed to state a cause of action. We reverse.

Under the circumstances of this case, the Family Court erred in dismissing the petition. "As between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other like extraordinary circumstances" (*Matter of Wilson v Smith,* 24 AD3d 562, 563 [2005]; *see Matter of Bennett v Jeffreys,* 40 NY2d 543, 548 [1976]). The burden of proof is on the nonparent to prove such extraordinary circumstances (*see Matter of Darlene T.,* 28 NY2d 391, 394 [1971]). Accordingly, we remit the matter to the Family Court, Queens County, for an evidentiary hearing on the issue of whether extraordinary circumstances exist (*see Matter of Cambridge v Cambridge,* 13 AD3d 443 [2004]; *Matter of Lewis v Johnson,* 302 AD2d 756, 757 [2003]; *see also Matter of Esposito v Shannon,* 32 AD3d 471 [2006]) and, if so, for a determination as to the child's best interest.

In light of the foregoing, we need not consider the father's remaining contention. Miller, J.P., Luciano, Rivera and Spolzino, JJ., concur.