■ In the Matter of UNDINE JAMISON, Respondent, v TRACY ANN CHASE, Appellant, et al., Respondent. (And a Related Proceeding.) [841 NYS2d 140]—

In related child custody proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Silber, J.), dated April 12, 2006, which, after a hearing, granted the paternal grandmother's petition for custody of the subject children, and in effect, denied her petition for custody of the subject children.

Ordered that the order is reversed, on the law, without costs or disbursements, the paternal grandmother's petition for custody is denied, the mother's petition for custody is granted, and the matter is remitted to the Family Court, Kings County, for a hearing to determine the paternal grandmother's visitation rights.

As between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or similar extraordinary circumstances (*see Matter of Bennett v Jeffreys*, 40 NY2d 543, 548 [1976]; *Matter of Wilson v Smith*, 24 AD3d 562, 563 [2005]). The burden of proof is on the nonparent to prove such extraordinary circumstances (*see Matter of Wilson v Smith, supra; Matter of Kreger v Newell*, 221 AD2d 630, 630-631 [1995]; *Matter of Katherine D. v Christine D.*, 187 AD2d 587, 588 [1992]). Absent a finding of extraordinary circumstances, a determination of what is in the best interests of the child is not triggered (*see Matter of Wilson v Smith, supra; Matter of Kreger v Newell, supra; Matter of Katherine D. v Christine D., supra*).

While we recognize that the Family Court had the opportunity to hear directly from the parties to this matter, and its determination should therefore be accorded deference on appeal, our "authority in custody matters is as broad as that of the trial court" (*Matter of Rosiana C. v Pierre S.*, 191 AD2d 432, 433 [1993]; *see Matter of Esposito v Shannon*, 32 AD3d 471, 474 [2006]). A review of the evidence reveals that the paternal grandmother failed to demonstrate extraordinary circumstances (*cf. Matter of Jacqueline Sharon L. v Pamela G.*, 26 AD3d 250 [2006]). Accordingly, the Family Court erred in granting the paternal grandmother's petition for custody based upon its determination that it was in the children's best interests, and in, in effect, denying the mother's petition for custody of the subject children. Accordingly, the order must be reversed and custody awarded to the mother, and we remit the matter to the Family Court, Kings County, for a hearing to determine the paternal grandmother's visitation rights. Schmidt, J.P., Santucci, Krausman and McCarthy, JJ., concur.