■ In the Matter of DARIUS DANZY, Appellant, v TAMIKA JONES-MOORE et al., Respondents. (Proceeding No. 1.) In the Matter of TAMIKA JONES-MOORE, Respondent, v DARIUS DANZY, Appellant. (Proceeding No. 2.) [863 NYS2d 761]—

In related child custody proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Freundlich, J.), dated April 27, 2006, which, after a hearing, awarded custody of the subject children to a maternal aunt and uncle and denied him visitation.

Ordered that the order is affirmed, without costs or disbursements.

As between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished the right due to surrender, abandonment, persistent neglect, unfitness or other similar extraordinary circumstances (*see Matter of Bennett v Jeffreys,* 40 NY2d 543, 545-546 [1976]; *Matter of Hyde v King,* 47 AD3d 813 [2008]; *Matter of Wilson v Smith,* 24 AD3d 562, 563 [2005]). The burden of proof is on the nonparent to prove such extraordinary circumstances (*see Matter of Jamison v Chase,* 43 AD3d 467 [2007]). Absent a finding of extraordinary circumstances, a determination of the best interests of the child is not triggered (*see Matter of Jamison v Chase,* 43 AD3d 467 [2007]).

Extraordinary circumstances is a threshold issue which must

be determined before the court addresses the custodial arrangement that would be in the best interests of the child (*see Matter of Moore v St. Onge,* 307 AD2d 421, 422 [2003]; *Matter of Dungee v Simmons,* 307 AD2d 312, 313 [2003]). Contrary to the father's contention, the record herein was sufficient to determine the issue (*cf. Matter of Moore v St. Onge,* 307 AD2d at 422). Accordingly, the father's contention that the matter should be remitted to the Family Court, Suffolk County, for a hearing on the issue of extraordinary circumstances is without merit.

Contrary to the Family Court's determination, the record did not support a finding of extraordinary circumstances based solely on the father's alleged abandonment of the children. Nevertheless, we find that extraordinary circumstances exist here based on the psychological and emotional trauma suffered by the children as a result of the murder of their mother by their stepfather, coupled with the father's lack of an ongoing relationship with the children due to his absence from their lives, whether intentional on his part or not, for approximately three years. Moreover, the Family Court properly determined that, under the circumstances, it was in the best interests of the children to award custody to the maternal aunt and uncle, who lived in the children's community, played an active part in their lives when the mother was alive, and provided appropriate care to the children following the loss of the mother.

The Family Court did not improvidently exercise its discretion, under the particular circumstances of this case, in denying visitation to the father at the time the court made its order.

The father's remaining contentions either are without merit or do not require reversal.

Motion by the respondents on an appeal from an order of the Family Court, Suffolk County, dated April 27, 2006, to strike the appellant's brief in its entirety on the ground that it contains matter dehors the record or, in the alternative, to strike stated portions of the appellant's brief on the ground that those portions refer to matter dehors the record. By decision and order on motion of this Court dated March 28, 2008 [2008 NY Slip Op 67975(U)], the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the branch of the motion which is to strike the appellant's brief in its entirety is denied; and it is further,

Ordered that the branch of the motion which is to strike

stated portions of the appellant's brief is denied as unnecessary in light of the fact that any improper material has not been considered in determining the appeal. Rivera, J.P., Lifson, Santucci and Miller, JJ., concur.