■ In the Matter of FRANK A. BROWN, JR., Appellant, v JANE ZUZIERLA, Respondent. STAVROULA RAIA, Nonparty Respondent. (Proceeding No. 1.) In the Matter of STAVROULA RAIA, Respondent, v JANE ZUZIERLA, Respondent. FRANK A. BROWN, JR., Nonparty Appellant. (Proceeding No. 2.) In the Matter of STAVROULA RAIA, Respondent, v FRANK A. BROWN, JR., Appellant. (Proceeding No. 3.) [900 NYS2d 414]—

In related child custody proceedings pursuant to Family Court Act article 6, the father appeals from three orders of the Family Court, Suffolk County (Hoffman, J.), all dated September 19, 2008, which, after a hearing, granted the maternal grandmother's petitions for custody of the subject child and denied his petition for custody.

Ordered that the orders are reversed, on the law, without costs or disbursements, the maternal grandmother's petitions for custody are denied, the father's petition for custody is granted with the consented-to condition that he shall not be under the influence of alcohol or illegal drugs, and the matter is remitted to the Family Court, Suffolk County, for a hearing to determine the respective visitation rights of the mother and maternal grandmother.

"As between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other like extraordinary circumstances" (*Matter of Wilson v Smith*, 24 AD3d 562, 563 [2005]; *see Matter of Bennett v Jeffreys*, 40 NY2d 543, 548 [1976]; *Matter of Barcellos v Warren-Kidd*, 57 AD3d 984, 984-985 [2008]; *Matter of Hyde v King*, 47 AD3d 813 [2008]; *Matter of Bermeo v Rios*, 33 AD3d 613 [2006]; *Matter of Dungee v Simmons*, 307 AD2d 312, 312-313 [2003]). For a third-party nonparent to gain custody of a child, he or she must first prove that extraordinary circumstances exist such that a parent has relinquished his or her superior right to custody (*see Matter of Linda J. v Nakisha P.*, 10 AD3d 287 [2004]; *Matter of Tristram K.*, 25 AD3d 222, 226 [2005]). Absent a finding of extraordinary circumstances, a determination of what is in the best interests of the child is not triggered (*see Matter of Bennett v Jeffreys*, 40 NY2d at 549; *Matter of Barcellos v Warren-Kid*, 57 AD3d at 985).

While we accord great deference on appeal to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*cf. People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY3d 490, 495), "in custody matters, this Court's authority is as broad as that of the hearing court" (*Matter of Hyde v King*, 47 AD3d at 814; *see Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946, 947 [1985]; *Matter of Esposito v Shannon*, 32 AD3d 471, 474 [2006]). A review of the evidence reveals that the maternal grandmother failed to demonstrate the existence of extraordinary circumstances (*see* Domestic Relations Law § 72 [2] [b]; *Matter of Jamison v Chase*, 43 AD3d 467, 468 [2007]). Thus, the Family Court erred in granting the maternal grandmother's petitions for custody based upon its determination that doing so was in the subject child's best interests. Accordingly, the orders must be reversed and custody awarded to the father, with the consented-to condition that he shall not be under the influence of alcohol or illegal drugs, and we remit the matter to the Fam-

ily Court, Suffolk County, for a hearing to determine the respective visitation rights of the mother and maternal grandmother. Mastro, J.P., Santucci, Belen and Chambers, JJ., concur.