In a child custody proceeding pursuant to Family Court Act article 6, the maternal aunt and maternal uncle appeal from an order of the Family Court, Dutchess County (Guzman, Ct. Atty. Ref.), dated January 30, 2012, which, after a hearing, granted the mother’s petition to modify an order of the same court (For-man, J.) dated October 9, 2009, entered upon the consent of the parties, awarding guardianship of the subject child to them, so as to award the mother sole custody of the child.
Ordered that the order dated January 30, 2012, is affirmed, without costs or disbursements.
“ ‘As between a parent and a nonparent, the parent has the *1005 superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished the right due to surrender, abandonment, persistent neglect, unfitness, or other similar extraordinary circumstances’ ” (Matter of Barcellos v Warren-Kidd, 57 AD3d 984, 984-985 [2008], quoting Matter of Danzy v Jones-Moore, 54 AD3d 858 [2008]). “The burden of proof is on the nonparent to prove such extraordinary circumstances” (Matter of Rudy v Mazzetti, 5 AD3d 777, 778 [2004]), and “[a]bsent proof of such extraordinary circumstances, an inquiry into the best interests of the child is not triggered” (Matter of Jiminez v Jiminez, 57 AD3d 781, 781 [2008] ; see Matter of Krieger v Krieger, 65 AD3d 1352, 1353 [2009] ). Here, the Family Court properly determined that the appellants, the subject child’s maternal aunt and maternal uncle, failed to demonstrate the existence of extraordinary circumstances to warrant the continuation of their guardianship of the subject child (see Matter of Jiminez v Jiminez, 57 AD3d at 781; Matter of Tolbert v Scott, 42 AD3d 548 [2007]). Where, as here, “the separation between the natural parent and child is not in any way attributable to a lack of interest or concern for the parental role, that separation does not amount to an extraordinary circumstance” (Matter of Male Infant L., 61 NY2d 420, 429 [1984]).
Accordingly, the Family Court properly granted the mother’s petition to modify the order dated October 9, 2009, awarding guardianship of the child to the appellants, so as to award her sole custody of the child. Florio, J.E, Leventhal, Austin and Roman, JJ., concur.