■ In the Matter of STEPHANIE LAMPITT, Respondent, v JOANNE LAMPITT et al., Appellants. [959 NYS2d 550]—

In a child custody proceeding pursuant to Family Court Act article 6, the maternal grandparents of the subject child appeal from an order of the Family Court, Suffolk County (Boggio, Ct. Atty. Ref.), dated December 19, 2011, which granted the mother's petition to modify a prior order of the same court dated March 18, 2002, entered upon the consent of the parties, so as to award the mother sole custody of the child.

Ordered that the order is affirmed, without costs or disbursements.

As between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent relinquished that right due to the existence of extraordinary circumstances, such as surrender, abandonment, persistent neglect, or unfitness (*see Matter of Bennett v Jeffreys*, 40 NY2d 543, 548 [1976]; *Matter of Revis v Marzan*, 100 AD3d 1004, 1004-1005 [2012]; *Matter of Brown v Zuzierla*, 73 AD3d 765, 766 [2010]; *Matter of Krieger v Krieger*, 65 AD3d 1352, 1353 [2009]). "The burden of proof is on the nonparent to prove such extraordinary circumstances" (*Matter of Rudy v Mazzetti*, 5 AD3d 777, 778 [2004]). "Absent proof of such extraordinary circumstances, an inquiry into the best interests of the child is not triggered" (*Matter of Jiminez v Jiminez*, 57 AD3d 781, 781 [2008]; *see Matter of Revis v Marzan*, 100 AD3d at 1005; *Matter of Krieger v Krieger*, 65 AD3d at 1353). Here, the Family Court properly determined that the maternal grandparents failed to meet their burden of demonstrating the existence of extraordinary circumstances (*see Matter of Krieger v Krieger*, 65 AD3d at 1353; *Matter of Jiminez v Jiminez*, 57 AD3d at 781). Accordingly, the Family Court properly granted the mother's petition to modify the order dated March 18, 2002, so as to award her sole custody of the child. Rivera, J.P., Chambers, Hall and Miller, JJ., concur.