# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

29

CAF 13-00040

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF CASSANDRA WASHINGTON,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DEAN STOKER, CHRISTY PEARO,
RESPONDENTS-APPELLANTS,
AND CHARLES PHILLIPS, SR.,
RESPONDENT-RESPONDENT.

---

MICHELE E. DETRAGLIA, UTICA, FOR RESPONDENTS-APPELLANTS.

KOSLOSKY & KOSLOSKY, UTICA (WILLIAM L. KOSLOSKY OF COUNSEL), FOR PETITIONER-RESPONDENT.

JESSICA REYNOLDS-AMUSO, CLINTON, FOR RESPONDENT-RESPONDENT.

JULIE GIRUZZI-MOSCA, ATTORNEY FOR THE CHILD, UTICA.

---

Appeal from an order of the Family Court, Oneida County (Randal B. Caldwell, J.), entered September 25, 2012 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted the motion of petitioner to dismiss the petition of respondents Dean Stoker and Christy Pearo.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Family Court properly granted the motion of petitioner to dismiss the petition of respondents Dean Stoker and Christy Pearo (former foster parents) seeking custody of the child of respondent Charles Phillips, Sr. (father). At the time the former foster parents commenced their proceeding, the child was in his father's care and custody, and the former foster parents lacked standing either to initiate their own custody proceeding or to intervene in the custody proceeding initiated by petitioner (*see Matter of Minella v Amhrein*, 131 AD2d 578, 579). Contrary to their contention, the former foster parents lack standing to assert on behalf of the child the child's right to maintain a relationship with them (*see generally Matter of Folsom v Swan*, 41 AD3d 899, 900). We note, moreover, that the Attorney for the Child does not support the position of the former foster parents (*see Matter of Harriet II. v Alex LL.*, 292 AD2d 92, 94-95). We reject the former foster parents' further contention that they have standing to seek custody because of

extraordinary circumstances (*see Matter of Marquis B. v Alexis H.*, 110 AD3d 790, 790).  Family Court properly concluded that evidence of the father's arrest and incarceration, without more, did not meet the former foster parents' burden of establishing such extraordinary circumstances (*see Matter of Aylward v Bailey*, 91 AD3d 1135, 1135-1136).  Inasmuch as the former foster parents failed to make that threshold showing, there was no basis for the court to conduct a hearing and make a determination with respect to the child's best interests (*see Matter of Jamison v Chase*, 43 AD3d 467, 467; *Matter of Kreger v Newell*, 221 AD2d 630, 631).  Finally, because the former foster parents have no standing in this proceeding, they lack standing to seek dismissal of petitioner's petition, and the court therefore properly denied their cross motion to dismiss that petition (*see generally Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 769).

Entered:  February 7, 2014                    Frances E. Cafarell
                                              Clerk of the Court