■ In the Matter of SHANTE JAMISON, Petitioner, v RITA BRITTON, Respondent. (Proceeding No. 1.) In the Matter of WENDY JAMISON, Petitioner, v RITA BRITTON, Respondent. (Proceeding No. 2.) In the Matter of RITA BRITTON, Appellant, v SHANTE JAMISON, Respondent. ALAHNI C.L., Nonparty Appellant. (Proceeding No. 3.) In the Matter of SHANTE JAMISON, Respondent, v ANTONIO C.L., Appellant. ALAHNI C.L., Nonparty Appellant. (Proceeding No. 4.) (And Related Proceedings.) [35 NYS3d 256]—

Appeals from an order of the Family Court, Westchester County (Thomas R. Daly, J.), dated January 23, 2015. The order, insofar as appealed from, after a hearing, granted the mother's petition for custody of the subject child and denied the paternal grandmother's petition for custody of the subject child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The subject child (hereinafter the child) was born in June 2007. The mother testified at a fact-finding hearing that the child lived with her from birth until April 30, 2010. On that date, the mother, who had been living with the child at a homeless shelter for a few months, asked the father to take the child on a temporary basis until the mother was able to get back on her feet. The father, who resided with the paternal grandmother, agreed. Shortly thereafter, the mother and the father

signed a document permitting the paternal grandmother to care for the child. The mother testified that she believed the document would be helpful in the event the paternal grandmother needed to take the child to a doctor, but that it was not meant to interfere with her right to custody of the child. The paternal grandmother testified that even though the parties' discussion was that the arrangement was temporary, her own intent was to keep the child permanently. On May 7, 2010, the paternal grandmother filed a petition for custody of the child, alleging, inter alia, that the child had resided with her for the preceding seven days.

On May 27, 2010, the mother filed her own petition for custody of the child. The father and the maternal grandmother also petitioned for custody of the child, and all of the parties filed several other petitions for visitation and alleging various family offenses and violations of existing court orders. Only the petitions for custody by the mother and the paternal grandmother are at issue on these appeals. Through a series of temporary orders, the child remained in the physical custody of the paternal grandmother and had visitation with the mother throughout the pendency of these proceedings. A fact-finding hearing on the petitions was commenced on June 17, 2011, but did not conclude until June 27, 2014. When the mother testified on August 9, 2012, she stated, among other things, that she was living in a house owned by her aunt and had been living there for two years. The father failed to testify in support of his own petition at the fact-finding hearing.

In an order dated January 23, 2015, the Family Court, inter alia, awarded legal and physical custody of the child to the mother, with specified visitation to the other parties. The court made certain findings of fact, including that the mother had been attempting to regain custody of the child since the instant proceedings were commenced, and the disruption of her custody was almost entirely for reasons outside of her control, including the fact that the paternal grandmother had made repeated complaints against her to the police department and Child Protective Services. Despite these obstacles, the mother had appeared at each court hearing and conference, completed parenting classes, obtained permanent housing, and engaged in regular visitation with the child. The court held that there were no extraordinary circumstances present which would support depriving the mother of custody of her daughter. The father, paternal grandmother, and the subject child appealed. On appeal, all three contend that the court should have denied the mother's petition for custody and granted the paternal grandmother's petition for custody.

As between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or similar extraordinary circumstances (*see Matter of Dickson v Lascaris*, 53 NY2d 204, 208 [1981]; *Matter of Bennett v Jeffreys*, 40 NY2d 543, 545-546 [1976]; *Matter of Brown v Zuzierla*, 73 AD3d 765, 766 [2010]; *Matter of Hyde v King*, 47 AD3d 813 [2008]; *Matter of Jamison v Chase*, 43 AD3d 467 [2007]). The nonparent has the burden of proving that extraordinary circumstances exist such that the parent has relinquished her or his superior right to custody (*see Matter of Brown v Zuzierla*, 73 AD3d at 766; *Matter of Jamison v Chase*, 43 AD3d 467 [2007]; *Matter of Wilson v Smith*, 24 AD3d 562, 563 [2005]; *Matter of Kreger v Newell*, 221 AD2d 630, 631 [1995]; *Matter of Katherine D. v Christine D.*, 187 AD2d 587, 588 [1992]). Without a finding of extraordinary circumstances, a determination of what is in the best interests of the child is not triggered (*see Matter of Male Infant L.*, 61 NY2d 420, 429 [1984]; *Matter of Dickson v Lascaris*, 53 NY2d at 208; *Matter of Brown v Zuzierla*, 73 AD3d at 766; *Matter of Hyde v King*, 47 AD3d at 815; *Matter of Jamison v Chase*, 43 AD3d 467 [2007]; *Matter of Wilson v Smith*, 24 AD3d at 563).

Here, the Family Court properly concluded that the paternal grandmother failed to demonstrate the existence of extraordinary circumstances. The hearing evidence established that the mother intended for the child to reside with the father and paternal grandmother only temporarily, the mother had regular contact and visitation with the child, and she attempted to regain custody of the child almost immediately upon the paternal grandmother's filing of the petition for custody (*cf. Matter of Dickson v Lascaris*, 53 NY2d 204 [1981]; *Matter of Hyde v King*, 47 AD3d 813 [2008]; *Matter of Gray v Chambers*, 222 AD2d 753 [1995]).

The appellants put great weight on the fact that the child had resided with the paternal grandmother for nearly five years at the time the order appealed from was entered. However, the child had lived with the paternal grandmother for only one week when she filed the instant petition. Where, as here, virtually all of the separation between parent and child occurred during the parent's attempts to regain custody, the separation does not amount to an extraordinary circumstance. "Indeed, the courts may not deny the natural parent's persistent demands for custody simply because it took so long" (*Matter of Male Infant L.*, 61 NY2d 420, 429 [1984] [internal

quotation marks omitted]; *see Matter of Dickson v Lascaris*, 53 NY2d at 210; *Matter of Sanjivini K.*, 47 NY2d 374, 381-382 [1979]; *Matter of William I. v Schenectady County Dept. of Social Servs.*, 102 AD2d 482, 485 [1984]).

The appellants also point to allegations of excessive corporal punishment by the mother and violent outbursts by the mother in the presence of the child as evidence of the mother's unfitness. The Family Court, however, found that the allegations made by the paternal grandmother were unproven. In our review of the court's determination, we accord considerable deference to the court's assessment of the parties' credibility, as it was in the best position to evaluate their character, demeanor, and sincerity (*see Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946, 947 [1985]; *Matter of Wright v Stewart*, 131 AD3d 1256, 1257 [2015]; *Matter of Santano v Cezair*, 106 AD3d 1097, 1098 [2013]; *Matter of Hyde v King*, 47 AD3d at 814). Here, the court's credibility determinations have a sound and substantial basis in the record. Furthermore, there was no evidence that Child Protective Services ever substantiated allegations of neglect or abuse against the mother. Accordingly, we affirm the order insofar as appealed from. Dillon, J.P., Chambers, Barros and Brathwaite Nelson, JJ., concur.