■ In the Matter of Kathleen DePaola, Appellant, v Fernando Corrales, Respondent, et al., Respondent. [756 NYS2d 625] —In a child custody proceeding pursuant to Family Court Act article 6, the maternal grandmother appeals (1), by permission, as limited by her brief, from so much of an order of the Family Court, Kings County (Lopez-Torres, J.), dated October 22, 2001, as granted the father unsupervised visitation on certain dates, and (2), as limited by her brief, from so much of an order of the same court, dated April 8, 2002, as, after a hearing, granted the father's petition processed under a prior proceeding to modify a prior order of the same court (Lauria, J.), dated August 24, 1999, awarding custody of the child to her, and awarded custody of the child to the father.

Ordered that the appeal from the order dated October 22, 2001, is dismissed as academic; and it is further,

Ordered that the order dated April 8, 2002, is reversed

insofar as appealed from, as a matter of discretion, the petition is denied, and the matter is remitted to the Family Court, Kings County, for a determination as to the appropriate visitation to be awarded to the father; and it is further,

Ordered that pending further order of the Family Court, Kings County, visitation shall be governed by this Court's decision and order on motion dated May 10, 2002; and it is further,

Ordered that one bill of costs is awarded to the maternal grandmother.

While a Family Court's determination of custody is entitled to great weight on appeal, this Court's authority is as broad as that of the hearing court, and it will not allow a custody determination to stand where it lacks a sound and substantial basis in the record (*see Matter of Venette v Rhodes*, 301 AD2d 608 [2003]; *Matter of Fowler v Rivera*, 296 AD2d 409 [2002]). Further, although custody is presumed to be appropriate with a biological parent, where extraordinary circumstances exist, custody is appropriately placed with a nonparent based upon the paramount concern of the best interests of the child (*see Matter of Modica v Thompson*, 299 AD2d 486 [2002]; *Matter of McLaren v Heuthe*, 296 AD2d 500 [2002]). Here, the record lacks a sound and substantial basis for the Family Court's award of custody to the father at this time. Both the court-appointed forensic evaluator and the Law Guardian recommended maintaining custody with the maternal grandmother. Additionally, the father's past drug use and protracted separation from his daughter due to his imprisonment, as opposed to the close bond the child has with the maternal grandmother, support a finding of extraordinary circumstances and an award of custody to the maternal grandmother based upon the best interests of the child. Accordingly, the Family Court erred in awarding custody to the father.

Since the dates specified for visitation in the order dated October 22, 2001, have passed, the appeal from that order has been rendered academic. Feuerstein, J.P., Krausman, Mastro and Rivera, JJ., concur.