■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES SECOR et al., Appellants, v AMY MELISSA ACOSTA, Respondent.
[848 NYS2d 352]—

In a habeas corpus proceeding, the petitioners appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Dutchess County (Pagones, J.), dated May 21, 2007, as, without a hearing, denied that branch of their amended petition which was for custody of the subject children, and, in effect, dismissed that part of the proceeding.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the amended petition which was for custody of the subject children is reinstated, and the matter is remitted to the Supreme Court, Dutchess County, for a hearing and new determination in accordance herewith.

As between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other "extraordinary circumstances" (*Matter of Bennett v Jeffreys*, 40 NY2d 543, 548 [1976]; *see Matter of West v Turner*, 38 AD3d 673 [2007]; *Matter of Wilson v Smith*, 24 AD3d 562, 563 [2005]; Domestic Relations Law § 72 [2] [a]). Such "extraordinary circumstances" may exist not only in cases of surrender, abandonment, persistent neglect, and unfitness, but also where there has been an "unfortunate or involuntary disruption of custody over an extended period of time" (*Matter of Bennett v Jeffreys*, 40 NY2d at 546; *see Matter of West v Turner*, 38 AD3d at 674; Domestic Relations Law § 72 [2] [a], [b]). A determination of the best interests of the child in this situation is made only if the nonparent meets his or her burden of establishing the existence of extraordinary circumstances (*see Matter of Jamison v Chase*, 43 AD3d 467 [2007]; *Matter of Esposito v Shannon*, 32 AD3d 471, 473 [2006]; *Matter of Wilson v Smith*, 24 AD3d at 563).

In support of their amended petition, the petitioners, who are the parents of the subject children's deceased father, alleged,

among other things, that prior to the father's death, they raised the children with the father and fulfilled all of the children's needs. The petitioners further alleged that during much of that time, the mother, who abused drugs, and who faced criminal charges stemming from her drug abuse, elected not to be a part of the children's lives.

These allegations, if true, might support a finding that extraordinary circumstances exist (see Domestic Relations Law § 72 [2] [a], [b]; Matter of Campo v Chapman, 24 AD3d 439 [2005]; Matter of DePaola v Corrales, 303 AD2d 586, 587 [2003]; Matter of Scott L. v Bruce N., 126 AD2d 157, 161-162 [1987]; cf. Wohlfahrt v Drees, 103 AD2d 1028 [1984]). Thus, the matter must be remitted to the Supreme Court, Dutchess County, for a hearing to determine whether extraordinary circumstances are present, and if so, whether the best interests of the children warrant that the branch of the amended petition which is for custody be granted. Mastro, J.P., Santucci, Lifson and Covello, JJ., concur.