■ In the Matter of BHOGMATTIE SINGH, Respondent, v LOVINTINI SHANEDALE CASSADEAN, Appellant. [994 NYS2d 185]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Kent, J.), dated February 28, 2013, which granted, without a hearing, the maternal grandmother's petition for sole legal and physical custody of the subject child, in effect, permitted the maternal grandmother to relocate to Guyana with the subject child, and failed to establish a specific visitation and telephone contact schedule between the subject child and paternal family members other than the father.

Ordered that the appeal from so much of the order as failed to establish a specific visitation and telephone contact schedule between the subject child and paternal family members other than the father is dismissed, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The appeal by the father from so much of the order as failed to establish a specific visitation and telephone contact schedule between the subject child and paternal family members other than the father must be dismissed, as the father is not aggrieved by that part of the order (*see* CPLR 5511).

The Family Court did not improvidently exercise its discretion in granting the maternal grandmother's petition for sole legal and physical custody of the subject child and, in effect, permitting the maternal grandmother to return to Guyana with the child, where they will live with the child's half-brother. Moreover, under the circumstances of this case, the court was not required to hold a hearing on the petition. By virtue of a related guardianship proceeding, the court was fully familiar with the relevant background facts—including the father's incarceration, the maternal grandmother's existing relationship with the subject child, and the subject child's strong attachment to his

half-brother after the death of their mother—and it thus had sufficient information to determine that granting the petition was in the child's best interests (*see Matter of Katz v Shomron*, 116 AD3d 777, 778 [2014]; *Matter of Law v Gray*, 116 AD3d 699, 700 [2014]; *cf. Matter of Weinschneider v Weinschneider*, 73 AD3d 1194, 1195 [2010]; *Matter of Attallah N.*, 65 AD3d 1047, 1048-1049 [2009]). Dillon, J.P., Balkin, Cohen and Barros, JJ., concur.