■ In the Matter of IRINA G. MADDOX, Appellant, v KADI A. MADDOX et al., Respondents. [35 NYS3d 264]—

Appeal from an order of the Family Court, Nassau County (Merik R. Aaron, J.), dated December 17, 2014. The order dismissed, without a hearing, the grandmother's custody petition for lack of standing.

Ordered that the order is affirmed, without costs or disbursements.

In March 2014, the petitioner, who is the subject child's paternal grandmother, filed a petition seeking custody of the subject child, who resided with the mother. Following several court appearances, the Family Court dismissed the grandmother's custody petition, without a hearing, for lack of standing.

"In a child custody dispute between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other extraordinary circumstances" (*Matter of Bailey v Carr*, 125 AD3d 853, 853 [2015]; *see Matter of Bennett v Jeffreys*, 40 NY2d 543, 548 [1976]). The burden of proof is on the nonparent to "prove the existence of extraordinary circumstances in order to demonstrate standing when seeking custody against a child's parent" (*Matter of Suarez v Williams*, 26 NY3d 440, 448 [2015]; *see Matter of Santiago v Henderson*, 122 AD3d 866, 867 [2014]). Without proof of such extraordinary circumstances, an inquiry into the best interests of the child is not triggered (*see Matter of Bennett v Jeffreys*, 40 NY2d at 548; *Matter of Bailey v Carr*, 125 AD3d at 853; *Matter of Santiago v Henderson*, 122 AD3d at 867). " 'A hearing to determine the issue of standing is not necessary where there are no triable issues of fact raised in the submitted papers' " (*Matter of Moskowitz v Moskowitz*, 128 AD3d 1070, 1070 [2015], quoting *Matter of Roberts v Roberts*, 81 AD3d 1117, 1118 [2011]).

Here, the grandmother's petition failed to sufficiently allege the existence of extraordinary circumstances. Accordingly, the Family Court properly dismissed the petition, without a hearing, based upon her lack of standing (*see Matter of Moskowitz v Moskowitz*, 128 AD3d at 1070; *Matter of Santiago v Henderson*, 122 AD3d at 867; *Matter of Roberts v Roberts*, 81 AD3d at 1118). Chambers, J.P., Austin, Maltese and Duffy, JJ., concur.