■ In the Matter of PATTI PUGZ, Appellant, v KACEY SMITH et al., Respondents. [40 NYS3d 914]—

Appeal by the maternal grandmother from an order of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated November 4, 2015. The order, in effect, without a hearing, granted the mother's motion to dismiss the maternal grandmother's petition for custody of the subject child.

Ordered that the order is affirmed, without costs or disbursements.

" 'In a child custody dispute between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other extraordinary circumstances' " (*Matter of Maddox v Maddox*, 141 AD3d 529, 529 [2016], quoting *Matter of Bailey v Carr*, 125 AD3d 853, 853 [2015]; *see Matter of Suarez v Williams*, 26 NY3d 440, 446 [2015]; *Matter of Bennett v Jeffreys*, 40 NY2d 543, 546-548 [1976]; *Matter of Jamison v Britton*, 141 AD3d 522, 524 [2016]; *Matter of Santiago v Henderson*, 122 AD3d 866 [2014]). The nonparent bears the burden of proving the existence of

extraordinary circumstances in order to establish his or her standing to seek custody of the subject child against a parent (*see Matter of Suarez v Williams*, 26 NY3d at 448; *Matter of Maddox v Maddox*, 141 AD3d at 529; *Matter of Jamison v Britton*, 141 AD3d at 525; *Matter of Santiago v Henderson*, 122 AD3d at 867; *Matter of Tolbert v Scott*, 15 AD3d 493, 495 [2005]). A hearing to determine the issue of standing is not necessary where there are no triable issues of fact raised in the papers submitted (*see Matter of Maddox v Maddox*, 141 AD3d at 529).

Here, the maternal grandmother failed to sufficiently allege the existence of extraordinary circumstances. Accordingly, the Family Court properly, in effect, granted the mother's motion to dismiss the petition (*see Matter of Maddox v Maddox*, 141 AD3d at 529; *Matter of Jamison v Britton*, 141 AD3d at 524; *Matter of Bailey v Carr*, 125 AD3d at 853; *Matter of Santiago v Henderson*, 122 AD3d at 867; *Matter of Aylward v Bailey*, 91 AD3d 1135, 1136-1137 [2012]). Since no triable issues of fact were raised in the maternal grandmother's submissions, a hearing to determine the issue of standing was not necessary (*see Matter of Maddox v Maddox*, 141 AD3d at 529; *Matter of Santiago v Henderson*, 122 AD3d at 866-867; cf. *Matter of Tolbert v Scott*, 15 AD3d at 495). Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.