■ In the Matter of SHARON V. SMITH, Appellant, v KENNETH COOKS, Respondent, et al., Respondent. [49 NYS3d 158]—

Appeal by the maternal grandmother from an order of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated October 28, 2015. The order, without a hearing, granted the father's motion to dismiss the maternal grandmother's petition for custody of the subject child.

Ordered that the order is affirmed, without costs or disbursements.

In August 2015, the petitioner, who is the subject child's maternal grandmother, filed a petition seeking custody of the child. The petitioner alleged that the child's mother and father had joint legal custody of the child, with residential custody to the mother, but that the mother was expected to shortly begin serving a term of incarceration. The father opposed the petition. Following two court appearances, the Family Court granted the father's motion to dismiss the grandmother's custody petition, without a hearing, for lack of standing.

" 'In a child custody dispute between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment,

persistent neglect, unfitness, or other extraordinary circumstances' " (*Matter of Maddox v Maddox*, 141 AD3d 529, 529 [2016], quoting *Matter of Bailey v Carr*, 125 AD3d 853, 853 [2015]; *see* Domestic Relations Law § 72 [2]; *Matter of Bennett v Jeffreys*, 40 NY2d 543, 548 [1976]). In such a dispute, the burden of proof is on the nonparent to " 'prove the existence of extraordinary circumstances in order to demonstrate standing' " (*Matter of Maddox v Maddox*, 141 AD3d at 529, quoting *Matter of Suarez v Williams*, 26 NY3d 440, 448 [2015]; *see Matter of Santiago v Henderson*, 122 AD3d 866, 867 [2014]). Without proof of such extraordinary circumstances, an inquiry into the best interests of the child is not triggered (*see Matter of Bennett v Jeffreys*, 40 NY2d at 548; *Matter of Bailey v Carr*, 125 AD3d at 853; *Matter of Santiago v Henderson*, 122 AD3d at 867). " 'A hearing to determine the issue of standing is not necessary where there are no triable issues of fact raised in the submitted papers' " (*Matter of Moskowitz v Moskowitz*, 128 AD3d 1070, 1070 [2015], quoting *Matter of Roberts v Roberts*, 81 AD3d 1117, 1118 [2011]) and the allegations are conclusory and non-specific (*see Matter of Fielding v Fielding*, 41 AD3d 929, 930 [2007]; *Matter of El-Sheemy v El-Sheemy*, 35 AD3d 738, 739 [2006]).

Here, the grandmother's petition failed to sufficiently allege the existence of extraordinary circumstances relating to the father, who had joint custody of the child. Accordingly, the Family Court properly granted the father's motion to dismiss the petition, without a hearing, based upon her lack of standing (*see Matter of Maddox v Maddox*, 141 AD3d at 529; *Matter of Moskowitz v Moskowitz*, 128 AD3d at 1070; *Matter of Santiago v Henderson*, 122 AD3d at 867). Dillon, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.