■ In the Matter of KIM GUNTHER, Appellant, v SALLY BROWN, Respondent. [49 NYS3d 178]—

Appeal by the mother from an order of the Family Court, Westchester County (Hal B. Greenwald, J.), dated December 3, 2015. The order, after a hearing, denied the mother's petition for sole custody of the subject child.

Ordered that the order is affirmed, without costs or disbursements.

This custody proceeding concerns a child who was born in 2006 and has never lived with her mother. In 2007, after the child resided with another relative for the first year of her life, she came into the care of the mother's maternal aunt, who was awarded custody, upon the mother's consent, in 2009. In December 2014, the mother filed a petition for sole custody. After a hearing, the Family Court denied the mother's petition. The mother appeals, and we affirm.

A parent of a child has a responsibility to raise that child and is therefore "entitled" to custody of the child (*Matter of Bennett v Jeffreys*, 40 NY2d 543, 548 [1976]). Accordingly, in a custody proceeding between a parent and a nonparent, the parent generally has a superior claim to custody, even when, as in this case, a prior order granting custody to the nonparent has been issued upon consent (*see Matter of Lallas v Bolin*, 134 AD3d 1038, 1039 [2015]; *Matter of Mercado v Smith*, 133 AD3d 762, 762 [2015]; *Matter of Gray v Chambers*, 222 AD2d 753, 753 [1995]). When, however, the nonparent establishes the

existence of extraordinary circumstances, including, for example, "surrender, abandonment, persisting neglect, unfitness, and unfortunate or involuntary disruption of custody over an extended period of time," the nonparent has standing to seek or maintain custody (*Matter of Suarez v Williams*, 26 NY3d 440, 446 [2015] [internal quotation marks omitted]; *see Matter of Pugz v Smith*, 144 AD3d 1039, 1039-1040 [2016]). The issue then becomes what custody arrangement is in the best interests of the child (*see Matter of Suarez v Williams*, 26 NY3d at 446; *Matter of Rochelle C. v Bridget C.*, 140 AD3d 749, 749 [2016]).

Here, the Family Court failed to address the threshold determination of whether the mother's maternal aunt had established the existence of extraordinary circumstances giving her standing to maintain custody of the child (*see Matter of Lewis v Speaker*, 143 AD3d 822, 824 [2016]). Remittal, however, is not necessary, because the record is adequate for us to determine that the maternal aunt did, in fact, establish the existence of such extraordinary circumstances (*see Matter of Wright v Wright*, 81 AD3d 740, 740-741 [2011]). Specifically, the child, who was born in 2006 and was eight years old when the mother filed her custody petition, has never resided with the mother and has lived with the maternal aunt since she was one year old. This prolonged period of separation, albeit with the mother's consent, and with some parental contact, serves to give the maternal aunt standing to maintain custody (*see id.* at 740-741).

The record contains a sound and substantial basis for the Family Court's determination that, although the mother has made great strides in dealing with her difficulties, custody with the maternal aunt continues to be in the child's best interests (*see id.* at 741).

Finally, while it would have been better for the Family Court to have conducted an in camera interview with the child, its failure to do so in this case does not require reversal. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.