■ In the Matter of XYLINA RODRIGUEZ, Respondent, v FRANCES JOLEE RODRIGUEZ, Appellant. [54 NYS3d 132]—

Appeals by the mother from (1) a decision of the Family Court, Queens County (Craig Ramseur, Ct. Atty. Ref.), dated June 8, 2016, and (2) an order of that court, also dated June 8,

2016. The order, upon the decision made after a hearing, granted the maternal aunt's petition for custody of the subject child.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

The subject child was born in November 2014 and, since then, has lived with the petitioner, his maternal aunt. Initially, the mother lived with the child and the petitioner, but she moved out within approximately one month after the child was born, without taking the child with her. After moving out of the petitioner's home, the mother did not visit the child regularly, despite the petitioner's efforts to accommodate visits. A few months later, the petitioner commenced this proceeding for custody of the child, who has significant medical issues. After a hearing, the Family Court determined that the petitioner had established standing to seek custody of the child, and that the child's best interests would be served by awarding custody to the petitioner. Accordingly, the court granted the petition. The mother appeals.

In general, parents are "entitled" to custody of their children (*Matter of Bennett v Jeffreys*, 40 NY2d 543, 548 [1976]; *see Matter of Gunther v Brown*, 148 AD3d 889, 889 [2017]). In some cases, however, a nonparent may establish standing to seek custody. To establish standing, the nonparent must demonstrate the existence of extraordinary circumstances, such as "surrender, abandonment, persisting neglect, unfitness, and unfortunate or involuntary disruption of custody over an extended period of time" (*Matter of Suarez v Williams*, 26 NY3d 440, 446 [2015] [internal quotation marks omitted]; *see Matter of Gunther v Brown*, 148 AD3d at 889-890; *Matter of Pugz v Smith*, 144 AD3d 1039, 1039-1040 [2016]). If the nonparent establishes standing, it must then be determined what custody arrangement is in the child's best interests (*see Matter of Suarez v Williams*, 26 NY3d at 446; *Matter of Gunther v Brown*, 148 AD3d at 890; *Matter of Rochelle C. v Bridget C.*, 140 AD3d 749, 749 [2016]).

Here, the mother admitted at the hearing that she could not care for the child, that she had not acted as a parent since he was born, and that she had provided no support for him. The evidence also established that the mother had not made alternative arrangements for his care, and, indeed, that she

was not prepared to assume custody of the child and opposed the petition because she did not want the petitioner to have custody. Finally, the evidence established that the petitioner is well-positioned to care for the child and that his best interests would best be served by awarding custody to the petitioner. Therefore, as the Family Court found, the petitioner had standing to seek custody of the child because of extraordinary circumstances, and the child's best interests would best be served by awarding custody to the petitioner (*see Matter of Gunther v Brown*, 148 AD3d at 890).

The mother's remaining contentions are without merit.

Accordingly, the petition was properly granted. Balkin, J.P., Hall, Hinds-Radix and Connolly, JJ., concur.