Appeal by the petitioner from an order of the Supreme Court, Suffolk County (Carol MacKenzie, J.), dated September 28, 2016. The order, without a hearing, denied the petition for custody of the subject child and granted the motion of the father to dismiss the petition for lack of standing.
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 The petitioner, who is not the parent of the subject child, commenced this proceeding for custody of the child, who was born in 2005. The respondent father moved to dismiss the petition, contending that the petitioner lacked standing to seek custody of the child. The Supreme Court, without a hearing, denied the petition and granted the father’s motion to dismiss based on the petitioner’s lack of standing. The plaintiff appeals.
 

 The Court of Appeals has created a “two-prong inquiry for determining whether a nonparent may obtain custody as against a parent” (Matter of Suarez v Williams, 26 NY3d 440, 446 [2015]; see Matter of Bennett v Jeffreys, 40 NY2d 543, 546-548 [1976]). “First, the nonparent must prove the existence of extraordinary circumstances such as surrender, abandonment, persisting neglect, unfitness, and unfortunate or involuntary disruption of custody over an extended period of time” (Matter of Suarez v Williams, 26 NY3d at 446 [internal quotation marks omitted]; see Matter of Bennett v Jeffreys, 40 NY2d at 544, 546). “If extraordinary circumstances are established such that the nonparent has standing to seek custody, the court must make an award of custody based on the best interest of the child” (Matter of Suarez v Williams, 26 NY3d at 446; see Matter of Bennett v Jeffreys, 40 NY2d at 548).
 

 “A hearing to determine the issue of standing is not necessary where there are no triable issues of fact raised in the papers submitted” (Matter of Pugz v Smith, 144 AD3d 1039, 1040 [2016]; see CPLR 409 [b]; Matter of Smith v Cooks, 148 AD3d 814, 815 [2017]; Matter of Maddox v Maddox, 141 AD3d 529, 529 [2016]; Matter of Moskowitz v Moskowitz, 128 AD3d 1070, 1070 [2015]; Matter of Roberts v Roberts, 81 AD3d 1117, 1118 [2011]).
 

 Here, the Supreme Court properly, without a hearing, denied the petition and granted the motion to dismiss based on the petitioner’s lack of standing. The submitted papers established that the petitioner had been involved in the child’s life since the child was a baby, and that the child had resided primarily with the petitioner, and not the father, for a number of recent years. However, the period of time when the child resided primarily with the petitioner and not the father largely coincided with the period of time when the father was working full time and attending law school at night. During that period of time, the father contributed financially to the child’s support. The petitioner and the father completed certain forms designating the petitioner as the child’s caregiver for stated purposes, yet these forms were for a limited duration, and some of the forms contained notations to the effect that the father was not giving up his custodial rights. This situation may be likened to one in which a parent had a compelling reason to allow a nonparent to assume custody for a defined period of time, which would not support a finding of extraordinary circumstances (see Matter of Suarez v Williams, 26 NY3d at 453 n 6). Since the submissions raised no triable issue of fact, a hearing on the issue of standing was not necessary (see Matter of Pugz v Smith, 144 AD3d at 1040).
 

 Balkin, J.P., Leventhal, Austin and Iannacci, JJ., concur.