Matter of Davis v Delena (2018 NY Slip Op 01919)





Matter of Davis v Delena


2018 NY Slip Op 01919


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-09137
 (Docket Nos. V-14540-15, V-14542-15, V-14550-15, V-9865-15, V-9865-15/15A)

[*1]In the Matter of Sue I. Davis, et al., petitioners- respondents, 
v
Ryan Delena, appellant. (Proceeding No. 1)
In the Matter of Sue I. Davis, et al., petitioners- respondents,
v
Suffolk County Department of Social Services, etc., respondent-respondent. (Proceeding No. 2)
In the Matter of Sue I. Davis, et al., petitioners- respondents,
v
Jennifer Davis, respondent-respondent (Proceeding No. 3). (and a related proceeding)


Gina M. Scelta, Huntington, NY, for appellant.
Wayne J. Schaefer, LLC, Smithtown, NY, for petitioners-respondents.
Arza Feldman, Uniondale, NY, for respondent-respondent Jennifer Davis.
Laurette Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the child.



DECISION & ORDER
Appeal from an amended order of the Family Court, Suffolk County (Theresa Whelan, J.), dated August 4, 2016. The amended order, after a hearing, denied the petition of the paternal grandparents for custody of the subject child and granted the petition of the maternal grandparents for custody of the subject child.
ORDERED that the appeal from so much of the amended order as denied the petition of the paternal grandparents for custody of the subject child is dismissed, without costs or disbursements; and it is further,
ORDERED that the amended order is affirmed insofar as reviewed, without costs or disbursements.
These related child custody proceedings involve competing petitions for custody of the subject child by her paternal and maternal grandparents. The child's father consented to the [*2]petition for custody filed by his parents, while the child's mother consented to the petition for custody filed by her parents. In an amended order dated August 4, 2016, the Family Court granted the maternal grandparents' petition and denied the paternal grandparents' petition, determining that an award of custody to the maternal grandparents was in the child's best interests. The father appeals.
Initially, the father's appeal from so much of the amended order as denied the petition of the paternal grandparents for custody of the subject child must be dismissed, as the father is not aggrieved by that part of the order (see CPLR 5511; Matter of Singh v Cassadean, 121 AD3d 799, 799; Matter of Brian JJ. v Heather KK., 61 AD3d 1285).
The father's contention that the maternal grandparents failed to meet their burden of proving the existence of extraordinary circumstances in order to establish their standing to seek custody of the subject child (see Matter of Bennett v Jeffreys, 40 NY2d 543; Matter of Maddox v Maddox, 141 AD3d 529) is improperly raised for the first time on appeal (see Matter of Hezekiah L. v Pamela A.L., 92 AD3d 506; Matter of Isaiah O. v Andrea P., 287 AD2d 816).
In a child custody proceeding, the court's paramount concern is to determine what placement, based on the totality of the circumstances, is in the best interests of the child (see Friederwitzer v Friederwitzer, 55 NY2d 89, 94). In determining the best interests of the child, a court should take a variety of factors into consideration to determine "what will best promote [the child's] welfare and happiness" (Eschbach v Eschbach, 56 NY2d 167, 171; see Friederwitzer v Friederwitzer, 55 NY2d at 94-95). These factors include, but are not limited to: (1) which alternative will best promote stability for the child; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well-being, and foster the child's relationship with the noncustodial parent; (5) previous placement of the child; and (6) the child's desires (see Matter of Supangkat v Torres, 101 AD3d 889, 890; see also Eschbach v Eschbach, 56 NY2d at 171-173; Friederwitzer v Friederwitzer, 55 NY2d at 94). While a Family Court's determination of custody is entitled to great weight on appeal, this Court's authority is as broad as that of the hearing court, and it will not allow a custody determination to stand where it lacks a sound and substantial basis in the record (see Matter of Venette v Rhodes, 301 AD2d 608; Matter of Fowler v Rivera, 296 AD2d 409). Contrary to the father's contention, the Family Court's determination that it was in the child's best interests to award custody to her maternal grandparents has a sound and substantial basis in the record (see Matter of Durgala v Batrony, 154 AD3d 1115; Matter of Gardner v Gardner, 69 AD3d 1243; Matter of DePaola v Corrales, 303 AD2d 586).
SCHEINKMAN, P.J., LEVENTHAL, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court