Matter of Conroy v Conroy (2018 NY Slip Op 02462)





Matter of Conroy v Conroy


2018 NY Slip Op 02462


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2017-02663
 (Docket Nos. V-4683-15, V-4684-15)

[*1]In the Matter of Esther M. Conroy, petitioner- respondent,
v Annemarie D. Conroy, appellant, et al., respondent.


Philip H. Schnabel, Chester, NY, for appellant.
Legal Services of the Hudson Valley, Poughkeepsie, NY (Meghan A. Kling of counsel), for petitioner-respondent.
Ronna L. DeLoe, New Rochelle, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Lori Currier Woods, J.), entered January 11, 2017. The order, after a hearing, granted the paternal grandmother's petition for custody of the subject children.
ORDERED that the order is affirmed, without costs or disbursements.
In October 2015, the paternal grandmother filed a petition for custody of the two subject children, who were nine and almost six years old at the time. The mother opposed the petition and sought dismissal on the ground that the paternal grandmother had not alleged the existence of extraordinary circumstances so as to give her standing to seek custody. The father did not oppose the petition. The Family Court denied the mother's application to dismiss the petition and held a hearing to determine whether extraordinary circumstances existed. At the close of the hearing as to extraordinary circumstances, the mother again asked the court to dismiss the petition on the ground that the paternal grandmother had not demonstrated the existence of extraordinary circumstances. The court denied the mother's application, holding that the evidence demonstrated persisting neglect by both parents and abandonment by the father.
Subsequently, the Family Court conducted a hearing to determine what custodial arrangement would be in the children's best interests. After the hearing, the court determined that the best interests of the children would be served by giving the paternal grandmother primary physical custody, with legal custody shared by the paternal grandmother, the mother, and the father. In an order entered January 11, 2017, the court granted the paternal grandmother's custody petition. The court also provided for frequent parenting time for the mother and the father, and it directed that the parents enroll in, and successfully complete, a parenting program, as well as undergo therapy. The mother appeals.
"Absent extraordinary circumstances, narrowly categorized, it is not within the power of a court, or, by delegation of the Legislature or court, a social agency, to make significant decisions concerning the custody of children, merely because it could make a better decision or disposition" (Matter of Bennett v Jeffreys, 40 NY2d 543, 545; see Matter of Corey L v Martin L, 45 NY2d 383, 391; Matter of Bailey v Carr, 125 AD3d 853, 854). Nevertheless, upon a showing of extraordinary circumstances, a grandparent of a minor child has standing to apply for custody of the child as against a parent (see Domestic Relations Law § 72[2][a]; Family Ct Act § 651[b]; Matter of Suarez v Williams, 26 NY3d 440, 446; Matter of Bennett v Jeffreys, 40 NY2d at 546-548; Matter of Schmitt v Troche, 155 AD3d 739, 740). Extraordinary circumstances include, among other things, surrender, abandonment, persisting neglect, and unfitness (see Matter of Suarez v Williams, 26 NY3d at 446; Matter of Bennett v Jeffreys, 40 NY2d at 544, 546; Matter of Schmitt v Troche, 155 AD3d at 740). If the grandparent establishes standing by demonstrating the existence of extraordinary circumstances, the court shall then make an award of custody based on the best interests of the child (see Matter of Suarez v Williams, 26 NY3d at 446; Matter of Bennett v Jeffreys, 40 NY2d at 548; Matter of Schmitt v Troche, 155 AD3d at 740).
Here, the Family Court properly found that the paternal grandmother demonstrated the existence of extraordinary circumstances. The children's parents were either unable or unwilling to provide the children with basic personal hygiene, clean clothes, adequate medical or dental care, or an appropriate place to sleep, and they also lacked insight into the children's particular needs, which included multiple special needs with respect to one of the children (see Matter of Sofia S.S. [Goldie M.—Elizabeth C.], 145 AD3d 787, 789; Matter of Rochelle C. v Bridget C., 140 AD3d 749, 750; Matter of North v Yeagley, 96 AD3d 949, 950; Matter of Donohue v Donohue, 44 AD3d 1042, 1043). In particular, the mother forgot to feed the children on several occasions, and the children often came to school hungry and dressed in dirty clothing that smelled of cat urine and feces. Moreover, the parents did not remedy the situation, despite multiple efforts by school personnel.
After finding the existence of extraordinary circumstances, the Family Court next inquired into what custodial arrangement would serve the children's best interests. The court properly determined that the children's best interests would be served by shared legal custody among the paternal grandmother and parents, with primary residential custody to the paternal grandmother and frequent contact and visitation between the parents and the children. Although the mother's expressed desire and commitment to provide better care to her children is commendable, inasmuch as the Family Court's determinations have a sound and substantial basis in the record, we decline to disturb them (see Matter of Geter v Gray, 141 AD3d 586, 587).
BALKIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court