Matter of Linda S.M. v Demetrius W. (2018 NY Slip Op 02623)





Matter of Linda S.M. v Demetrius W.


2018 NY Slip Op 02623


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2017-06862
 (Docket Nos. G-20053-15, G-20054-15, G-20061-15, V-18752-15, V-18753-15, V-18761-15)

[*1]In the Matter of Linda S. M. (Anonymous), appellant, et al., petitioner, 
v
Demetrius W. (Anonymous), et al., respondents, Aziza M. (Anonymous), respondent-respondent.


Kenneth M. Tuccillo, Hastings on Hudson, NY, for appellant.
Cabelly & Calderon, Jamaica, NY (Lewis S. Calderon of counsel), for respondent-respondent.
Seymour W. James, Jr., New York, NY (Dawne Mitchell and Marcia Egger of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the maternal grandmother appeals from an amended order of the Family Court, Queens County (Carol A. Stokinger, J.), dated June 7, 2017. The amended order, insofar as appealed from, without a hearing, granted that branch of the mother's motion which was to dismiss the maternal grandmother's petitions for guardianship of the subject children.
ORDERED that the amended order is affirmed insofar as appealed from, without costs or disbursements.
The petitioner is the maternal grandmother of three children born in 2008, 2011, and 2013, respectively. In January 2015, the Administration for Children's Services (hereinafter ACS) filed petitions pursuant to Family Court Act article 10 alleging that the mother had neglected the children. The children were removed from the mother's custody and placed in the same nonkinship foster home. Thereafter, the grandmother and maternal aunt filed petitions pursuant to Family Court Act article 6 seeking, inter alia, guardianship of the children. In March 2016, the children were returned to the mother's custody and, in an order dated May 17, 2016, the Family Court adjourned the neglect proceeding for six months in contemplation of dismissal (hereinafter ACD). In an order dated November 28, 2016, the court dismissed the neglect petition in the interest of justice upon the mother's completion of the terms of the ACD. In March 2017, the mother moved, inter alia, to [*2]dismiss the grandmother's guardianship petitions for lack of standing. In the amended order appealed from dated June 7, 2017, the court, inter alia, granted that branch of the mother's motion which was to dismiss the grandmother's guardianship petitions. The grandmother appeals.
" In a child custody dispute between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other extraordinary circumstances'" (Matter of Maddox v Maddox, 141 AD3d 529, 529, quoting Matter of Bailey v Carr, 125 AD3d 853, 853; see Matter of Suarez v Williams, 26 NY3d 440, 446; Matter of Bennett v Jeffreys, 40 NY2d 543, 546-548). The nonparent bears the burden of proving the existence of extraordinary circumstances in order to establish his or her standing to seek custody (see Matter of Jamison v Britton, 141 AD3d 522, 524; Matter of Santiago v Henderson, 122 AD3d 866, 867). In the absence of a showing of extraordinary circumstances, no inquiry into the best interests of the child is triggered (see Matter of Bennett v Jeffreys, 40 NY2d at 548; Matter of Sellers v Brown, 155 AD3d 1047). " A hearing to determine the issue of standing is not necessary where there are no triable issues of fact raised in the submitted papers'" (Matter of Moskowitz v Moskowitz, 128 AD3d 1070, 1070, quoting Matter of Roberts v Roberts, 81 AD3d 1117, 1118; see Matter of Smith v Cooks, 148 AD3d 814, 815; Matter of Pugz v Smith, 144 AD3d 1039, 1040).
Here, the Family Court properly granted, without a hearing, the mother's motion to dismiss the grandmother's guardianship petition based on the grandmother's lack of standing. The submitted papers established that the mother had not surrendered or abandoned the children, as she consistently visited them and planned for their return while they were in foster care. Although the grandmother cared for the two youngest children for a few months in 2013 when the mother moved and was seeking new employment, the mother remained in contact with the grandmother and the children (see Matter of Jamison v Britton, 141 AD3d at 524; Matter of Hyde v King, 47 AD3d 813, 815). Additionally, the mother's compliance with ACS's service plan and completion of the terms of the ACD demonstrated that she had addressed the alleged lapses in parental judgment (see Matter of Burton v Barrett, 104 AD3d 1084, 1086; Matter of Ramos v Ramos, 75 AD3d 1008, 1012). Those prior shortcomings do not rise to the level of unfitness or persistent neglect (see Matter of Jennifer BB. v Megan CC., 150 AD3d 1340, 1341; Matter of Rodriguez v Delacruz-Swan, 100 AD3d 1286, 1288). Since the submissions raised no triable issue of fact as to a showing of "extraordinary circumstances," a hearing on the issue of standing was not necessary (see Matter of Schmitt v Troche, 155 AD3d 739, 741).
The grandmother's remaining contention is without merit.
SCHEINKMAN, P.J., BALKIN, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court