Matter of Llada v Ellington (2018 NY Slip Op 05845)





Matter of Llada v Ellington


2018 NY Slip Op 05845


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2017-03691
2017-03830
 (Docket Nos. V-8734-09, V-24818-12)

[*1]In the Matter of Yvette Llada, respondent, 
v
Kaream Ellington, appellant.


Joan N. G. James, Brooklyn, NY, for appellant.
Steven Greenfield, Westhampton Dunes, NY, for respondent.
Alan S. Cabelly, Jamaica, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from two orders of the Family Court, Queens County (Anne-Marie Jolly, J.), both dated March 20, 2017. The orders, after a hearing, granted the maternal grandmother's petition for sole custody of the subject child and awarded supervised parental access to the father.
ORDERED that the orders are affirmed, without costs or disbursements.
This child custody proceeding pursuant to Family Court Act article 6 was commenced by the maternal grandmother of the subject child against the child's father, an individual who has untreated mental health issues and who spent more than three years in prison following the birth of the child. The child has continuously resided with the maternal grandmother since 2009. The child's mother died before this proceeding was commenced. After ruling in the maternal grandmother's favor on the issue of standing based on her demonstration of extraordinary circumstances, the Family Court held a hearing to determine whether it would be in the child's best interests to award the maternal grandmother custody of the child. Following the hearing, where the court heard testimony from two court-appointed forensic evaluators that was generally supportive of the maternal grandmother, the court, inter alia, awarded custody of the child to the maternal grandmother. The father appeals.
" In a child custody dispute between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other extraordinary circumstances'" (Matter of Maddox v Maddox, 141 AD3d 529, 529, quoting Matter of Bailey v Carr, 125 AD3d 853, 853; see Matter of Suarez v Williams, 26 NY3d 440, 446; Matter of Bennett v Jeffreys, 40 NY2d 543, 546-548; Matter of Jamison v Britton, 141 AD3d 522, 524; Matter of Santiago v Henderson, 122 AD3d 866, 866). " [E]xtraordinary circumstances' may exist not only in cases of surrender, abandonment, persistent neglect, and unfitness, but also where there has been an unfortunate or involuntary disruption of custody over an extended period of time'" (People ex rel. Secor v Acosta, 46 AD3d 927, 927, quoting Matter of Bennett v Jeffreys, 40 NY2d at 546). Domestic Relations Law § 72 provides that an "extended disruption of custody" shall [*2]constitute an extraordinary circumstance for the purposes of a grandparent's standing in custody proceedings involving a grandchild (Domestic Relations Law § 72[2][a]). The nonparent bears the burden of proving the existence of extraordinary circumstances in order to establish his or her standing to seek custody of the subject child against a parent (see Matter of Suarez v Williams, 26 NY3d at 448; Matter of Maddox v Maddox, 141 AD3d at 529; Matter of Jamison v Britton, 141 AD3d at 524; Matter of Santiago v Henderson, 122 AD3d at 867).
We agree with the Family Court's finding that the maternal grandmother demonstrated the existence of extraordinary circumstances, thereby conferring standing upon her to seek custody of the child (see Matter of Wilson v Smith, 24 AD3d 562, 563; see also Matter of Lallas v Bolin, 134 AD3d 1038, 1039-1040; Matter of Culberson v Fisher, 130 AD3d 827, 828). The father's contention that the court erred by failing to consider guardianship letters that had previously been granted to, but eventually revoked from, the paternal grandmother, is without merit.
After finding the existence of extraordinary circumstances, the Family Court next inquired into what custodial arrangement would serve the child's best interests. The court's determination that awarding custody of the child to the maternal grandmother was in the child's best interests has a sound and substantial basis in the record, and we decline to disturb it (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Durgala v Batrony, 154 AD3d 1115, 1117-1118; Matter of Roberta W. v Carlton McK., 112 AD3d 729, 730; Matter of Gardner v Gardner, 69 AD3d 1243; Matter of DePaola v Corrales, 303 AD2d 586). The father's challenge to the adequacy of one of the forensic evaluations is without merit.
Accordingly, we agree with the Family Court's determination to grant the maternal grandmother's custody petition.
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court