Matter of Samuels v Pegues (2019 NY Slip Op 04950)





Matter of Samuels v Pegues


2019 NY Slip Op 04950


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JOHN M. LEVENTHAL
ROBERT J. MILLER, JJ.


2018-01877
 (Docket No. V-20208-16)

[*1]In the Matter of Lorna Samuels, appellant,
v
Reginald Pegues, respondent.


Leighton M. Jackson, New York, NY, for appellant.
Nestor Soto, Astoria, NY, for respondent.
Geanine Towers, Brooklyn, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the maternal grandmother appeals from an order of the Family Court, Queens County (Craig Ramseur, Ct. Atty. Ref.), dated January 18, 2018. The order, after a hearing, dismissed the maternal grandmother's petition for custody of the subject child.
ORDERED that the order is affirmed, without costs or disbursements.
Following the death of the mother, the maternal grandmother filed a petition seeking custody of the subject child, alleging that the father was physically and verbally abusive. During a hearing, the father's ex-girlfriend testified to three instances of alleged physical abuse by the father that occurred in the presence of the child, and the grandmother testified to instances in which the child was either dirty or reported being subject to corporal punishment. These allegations were denied by the father, and the credibility of the allegations was severely undermined by evidence that the allegations of abuse were in contradiction to prior sworn testimony. The Family Court dismissed the maternal grandmother's petition on the ground that she failed to establish the existence of extraordinary circumstance conferring standing upon her to seek custody of the child. The maternal grandmother appeals.
"In a child custody dispute between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other extraordinary circumstances" (Matter of Bailey v Carr, 125 AD3d 853, 853; see Matter of Bennett v Jeffreys, 40 NY2d 543, 549; Matter of Maddox v Maddox, 141 AD3d 529). "The burden of proof is on the nonparent to prove the existence of extraordinary circumstances in order to demonstrate standing when seeking custody against a child's parent'" (Matter of Maddox v Maddox, 141 AD3d at 529, quoting Matter of Suarez v Williams, 26 NY3d 440, 448). "Without proof of such extraordinary circumstances, an inquiry into the best interests of the child is not triggered" (Matter of Maddox v Maddox, 141 AD3d at 529; see Matter of Bennett v Jeffreys, 40 NY2d at 548). "Whether extraordinary circumstances exist involves the consideration of various factors, including, among others, the length of time the child has lived with the nonparent, the quality of that [*2]relationship and the length of time the biological parent allowed such custody to continue without trying to assume the primary parental role" (Matter of Thompson v Bray, 148 AD3d 1364, 1365 [internal quotation marks omitted]).
Here, the Family Court's determination that the grandmother failed to establish the existence of extraordinary circumstances conferring standing to seek custody of the child was supported by a sound and substantial basis in the record and will not be disturbed (see Matter of Bailey v Carr, 125 AD3d at 853). This determination was based upon a credibility determination that arose from the contradictory testimony presented by the parties. "Such factual findings, which are predicated on the Family Court's evaluation of the testimony, character, temperament, and sincerity of the parties, are entitled to great deference and may not be set aside where, as here, they have a sound and substantial basis in the record" (Matter of Rudy v Mazzetti, 5 AD3d 777, 778; see Matter of Fishburne v Teelucksingh, 34 AD3d 804, 805).
The grandmother's contention that the Family Court should have conducted an in camera interview with the child is, on the facts presented, without merit.
SCHEINKMAN, P.J., DILLON, LEVENTHAL and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court