Matter of Smith v Dixon (2023 NY Slip Op 01521)

Matter of Smith v Dixon

2023 NY Slip Op 01521

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2022-01094
 (Docket Nos. V-4766-21, V-4767-21, V-4768-21)

[*1]In the Matter of Ahtwana M. Smith, appellant,
v
Maurice M. Dixon, et al., respondents.

Lisa Siano, Merrick, NY, for appellant.
Patricia Manzo, Jericho, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the paternal grandmother appeals from an order of the Family Court, Nassau County (Danielle M. Peterson, J.), dated January 19, 2022. The order, without a hearing, dismissed the paternal grandmother's petition for custody of the subject children.
ORDERED that the order is affirmed, without costs or disbursements.
The paternal grandmother of the subject children filed a petition seeking custody. At the time the petition was filed, the children were residing with their maternal great-grandfather, who was granted temporary custody upon the consent of the children's custodian. In an order dated January 19, 2022, the Family Court dismissed the paternal grandmother's petition for lack of standing. The paternal grandmother appeals.
Pursuant to Domestic Relations Law § 72(2)(a), a grandparent has standing to seek custody of a child where the grandparent demonstrates the existence of extraordinary circumstances, such as "surrender, abandonment, persisting neglect, unfitness, and unfortunate or involuntary disruption of custody over an extended period of time" (Matter of Bennett v Jeffreys, 40 NY2d 543, 546), "or other like extraordinary circumstances" (id. at 544; see Matter of Suarez v Williams, 26 NY3d 440, 446; Matter of Seltzer v Patterson, 193 AD3d 1057, 1058). The nonparent bears the burden of proving the existence of such extraordinary circumstances, and only if the nonparent meets this burden does the court determine whether the best interests of the child warrant awarding custody to the nonparent (see Matter of Seltzer v Patterson, 193 AD3d at 1058; Matter of Sellers v Brown, 155 AD3d 1047, 1048).
Here, the paternal grandmother's conclusory petition failed to sufficiently allege the existence of extraordinary circumstances so as to warrant a hearing on that issue (see Matter of Schmitt v Troche, 155 AD3d 739, 741; Matter of Smith v Cooks, 148 AD3d 814, 815). Accordingly, the Family Court properly dismissed the petition for lack of standing (see Matter of Smith v Cooks, 148 AD3d at 815; Matter of Maddox v Maddox, 141 AD3d 529).
The paternal grandmother's remaining contention is without merit.
BRATHWAITE NELSON, J.P., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court