Matter of Dawn A. P.-T. v Sherwyn R. (2025 NY Slip Op 06063)

Matter of Dawn A. P.-T. v Sherwyn R.

2025 NY Slip Op 06063

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-02070
 (Docket No. V-10386-23)

[*1]In the Matter of Dawn A. P.-T. (Anonymous), petitioner, 
v
Sherwyn R. (Anonymous), respondent; Peyson S. (Anonymous), nonparty-appellant.

Liberty Aldrich, Brooklyn, NY (Janet Neustaetter of counsel), attorney for the child, the nonparty-appellant.
Martha Schneiderman, Brooklyn, NY, for petitioner.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the subject child appeals from an order of the Family Court, Kings County (Robert A. Markoff, J.), dated February 16, 2024. The order, insofar as appealed from, without a hearing, granted the father's motion for summary judgment dismissing the maternal aunt's petition for custody of the child and, in effect, dismissed the petition. By decision and order on motion dated June 12, 2024, this Court granted the child's motion to stay enforcement of the order and to remain in the custody of the maternal aunt pending hearing and determination of the appeal.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the father's motion for summary judgment dismissing the maternal aunt's petition for custody of the child is denied, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for forensic evaluations of the parties and the child and a hearing, and a new determination thereafter of the petition; and it is further,
ORDERED that pending a new determination of the maternal aunt's petition for custody of the child, the child shall remain in the custody of the maternal aunt, and the father shall have reasonable parental access as agreed to by the parties or directed by the Family Court, Kings County.
In May 2023, the petitioner, the maternal aunt (hereinafter the aunt) of the subject child, commenced this proceeding for custody of the child. The father moved for summary judgment dismissing the petition for lack of standing, contending that the petition failed to sufficiently allege the existence of extraordinary circumstances. The aunt and the child opposed the motion. In an order dated February 16, 2024, the Family Court, inter alia, without a hearing, granted the father's motion and, in effect, dismissed the petition. The child appeals.
"In a child custody dispute between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other extraordinary circumstances" (Matter of Brooks v Martinez, 218 AD3d 568, 568; see Matter of Bennett v Jeffreys, 40 NY2d 543, 549). "The nonparent bears the burden of proving the existence of such extraordinary circumstances, and only if the nonparent meets this burden does the court determine whether the best interests of the child warrant awarding custody to the nonparent" (Matter [*2]of Smith v Dixon, 214 AD3d 889, 890; see Matter of Brooks v Martinez, 218 AD3d at 568). "A hearing to determine the issue of standing is not necessary where there are no triable issues of fact raised in the submitted papers and the allegations are conclusory and non-specific" (Matter of Smith v Cooks, 148 AD3d 814, 815 [citations and internal quotation marks omitted]; see Matter of Smith v Dixon, 214 AD3d at 890).
Here, the petition alleged that the child was struggling with mental health issues following the death of her mother in 2021, including a crisis upon learning that she would have to leave New York to live with the father, and that the child had become acclimated to life in New York with her mother's extended family after the mother's death. In addition, the petition alleged, among other things, that the child did not have a close relationship with the father. Contrary to the father's contention, the aunt's allegations, "if true, might support a finding that extraordinary circumstances exist" (People ex rel. Secor v Acosta, 46 AD3d 927, 928; see Matter of Danzy v Jones-Moore, 54 AD3d 858, 859).
Accordingly, the matter must be remitted to the Family Court, Kings County, for a hearing to determine whether extraordinary circumstances are present and, if so, whether the best interests of the child warrant awarding custody to the aunt (see People ex rel. Secor v Acosta, 46 AD3d at 928). Under the circumstances of this case, the hearing on the existence of extraordinary circumstances should be preceded by forensic evaluations of the parties and the child (see Matter of Rovenia G.M. v Lesley P.A., 44 AD3d 942, 944; see also Matter of Merchant v Caldwell, 198 AD3d 782, 784).
DUFFY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court