Matter of Sanchez v Irizarry

2026 NY Slip Op 02122

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Tyrone Sanchez, respondent,

v

Maria Irizarry, appellant. (Proceeding No. 1.)

In the Matter of Maria Irizarry, appellant,

Tyrone Sanchez, respondent. (Proceeding No. 2.)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2024-11497, 2024-12353, (Docket Nos. V-1414-22/23A, V-1414-22/23B)

Mark C. Dillon, J.P.

Valerie Brathwaite Nelson

Lillian Wan

Phillip Hom, JJ.

Jill M. Zuccardy, New York, NY, for appellant.

Margaret McCarthy, Brooklyn, NY, for respondent.

Todd D. Kadish, Great Neck, NY, attorney for the child.

[*1]

DECISION & ORDER

In related proceedings pursuant to Family Court Act article 6, the maternal grandmother appeals from (1) an amended order of the Family Court, Kings County (Robert A. Markoff, J.), dated October 28, 2024, and (2) an amended order of the same court dated December 11, 2024. The amended order dated October 28, 2024, insofar as appealed from, without a hearing, granted that branch of the father's motion which was for summary judgment on his petition to modify a prior order of the same court (Jacqueline D. Williams, J.) dated February 1, 2023, so as to award him sole legal and physical custody of the subject child. The amended order dated December 11, 2024, upon the amended order dated October 28, 2024, granted the father's petition and awarded him sole legal and physical custody of the subject child.

ORDERED that the appeal from the amended order dated October 28, 2024, is dismissed, without costs or disbursements, as that order was superseded by the amended order dated December 11, 2024; and it is further,

ORDERED that the amended order dated December 11, 2024, is affirmed, without costs or disbursements.

In February 2023, the father and the maternal grandparents (hereinafter the grandparents) of the subject child consented to an order awarding the grandparents sole physical custody of the child and awarding the grandparents and the father joint legal custody of the child, due to the mother's mental health struggles. Following the mother's death in July 2023, the father and the maternal grandmother (hereinafter the grandmother) both filed petitions to modify an order dated February 1, 2023, so as to grant each of them sole legal and physical custody of the child.

The father moved, inter alia, for summary judgment on his petition and dismissing the grandmother's petition based on lack of standing. In an amended order dated October 28, 2024, the Family Court, among other things, granted that branch of the father's motion which was for summary judgment on his petition. The court also determined that in light of the mother's death, the grandmother's custody petition should be deemed a petition for visitation, and directed the parties to appear for a fact-finding hearing on the issue of visitation. In an amended order dated December 11, 2024, the court granted the father's petition and awarded him sole legal and physical custody of the subject child. The grandmother appeals.

"Pursuant to Domestic Relations Law § 72(2)(a), a grandparent has standing to seek custody of a child where the grandparent demonstrates the existence of extraordinary circumstances, such as 'surrender, abandonment, persisting neglect, unfitness, and unfortunate or involuntary disruption of custody over an extended period of time or other like extraordinary circumstances'" (Matter of Smith v Dixon, 214 AD3d 889, 890 [citation omitted], quoting Matter of Bennett v Jeffreys, 40 NY2d 543, 544, 546). "The nonparent bears the burden of proving the existence of such extraordinary circumstances, and only if the nonparent meets this burden does the court determine whether the best interests of the child warrant awarding custody to the nonparent" (id.; see Matter of Seltzer v Patterson, 193 AD3d 1057, 1058; Matter of Sellers v Brown, 155 AD3d 1047, 1048). "For once it is found that the parent is fit, and has neither abandoned, surrendered, nor otherwise forfeited parental rights, the inquiry ends and the natural parent may not be deprived the custody of his or her child" (Matter of Male Infant L., 61 NY2d 420, 427; see Matter of Bennett v Jeffreys, 40 NY2d at 549).

Here, the father demonstrated, prima facie, that the grandmother lacked standing to petition for custody of the child. The father's sworn allegations demonstrated that he retained care and control of the child throughout the period wherein he shared custody with the grandparents, and the grandmother's conclusory petition failed to sufficiently allege an extended disruption in custody or the existence of another extraordinary circumstance (see Matter of Smith v Dixon, 214 AD3d at 890; Matter of Smith v Cooks, 148 AD3d 814, 815; cf. Matter of Dawn A.P.-T. v Sherwyn R., 243 AD3d 573, 574).

In opposition, the grandmother failed to raise a triable issue of fact. The affirmation of the grandmother's attorney was not based upon personal knowledge (see Zuckerman v City of New York, 49 NY2d 557, 563; Matter of Hope P. [Stephanie B.], 149 AD3d 947, 948-949) and, in any event, even if it were based on personal knowledge, failed to raise a triable issue of fact as to whether an extended disruption in the father's custody of the child had occurred (see Matter of Male Infant L., 61 NY2d at 428; Matter of Sellers v Brown, 155 AD3d at 1049; cf. Matter of Suarez v Williams, 26 NY3d 440, 451-452).

Contrary to the grandmother's contention, "[a] hearing to determine the issue of standing is not necessary where there are no triable issues of fact raised in the papers submitted" (Matter of Schmitt v Troche, 155 AD3d 739, 740 [internal quotation marks omitted]; see Matter of Smith v Dixon, 214 AD3d at 890).

Accordingly, the Family Court properly granted that branch of the father's motion which was for summary judgment on his petition, granted his petition, and awarded him sole legal and physical custody of the child (see Matter of Male Infant L., 61 NY2d at 430).

DILLON, J.P., BRATHWAITE NELSON, WAN and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court